[Crim. No. 15645.   Second Dist., Div. Four.   June 24, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. KERRY FLOYD LONDON, Defendant and Appellant.

Nancy Cunningham, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant and his brother Julius were jointly charged and convicted[1] of the crime of robbery in the first degree. A motion for a new trial was made and denied and defendant was committed to the Youth Authority. He has appealed.[2]

---

[1] Because of a conflict of interest, separate counsel was appointed for each defendant: Julius' trial was severed, he pled guilty and, at defendant's trial, testified for the defense, admitting the robbery but testifying that another person, not defendant, had been his associate.

[2] The notice of appeal is from the order denying the motion for a new trial, which is not an appealable order. Since the record before us shows a judgment of conviction, we treat the notice as being from the judgment. The Attorney General has expressly concurred in this treatment.

Defendant was identified at the trial by the two victims of the robbery. It is not, and could not, be here contended that the evidence did not support the verdict.

Neither identification was based on a police lineup: one witness had identified defendant for the first time when she saw him in court; the other witness had selected defendant's picture from a group of mug shots, but she testified that her in-court identification was based solely on her observation of him in the courtroom. ■ Prior to trial, defendant had moved for an order directing the People to conduct a lineup for possible identification. The motion was denied and its denial is the sole contention now urged on us for reversal.

As counsel points out, an in-court identification of a defendant seated at counsel table is inherently suggestive. Counsel urges that, since the prosecution can compel a defendant to submit to a lineup for the purpose of securing evidence favorable to the People, it is a denial of equal protection and of due process to deny a defendant the opportunity to use the same device with the hope that a failure to identify him may provide evidence favorable to him. The argument is appealing. In other situations, the courts have required the prosecution to afford a defendant an opportunity to secure evidence potentially favorable to him. In *In re Newbern* (1959) 175 Cal. App.2d 862 [1 Cal.Rptr. 80], it was held to be a denial of due process of law to refuse to allow a person arrested for drunkenness to have a blood test taken at his own expense.[3] In *People* v. *Perez* (1965) 62 Cal.2d 769 [44 Cal.Rptr. 326, 401 P.2d 934], it was held to be error to deny a defendant the name of an informer, not claimed by the People to have been a witness to or participant in the crime, where it was possible that examination of the informant might produce evidence favorable to a defense. Counsel argues that the evidence herein sought is of the same character as the blood test in *Newbern* or the informer's identity in *Perez*.

However, as counsel admits, no statute or case has yet extended the doctrine of the cited cases to a lineup. There are significant differences. Counsel cites us to language in *United States* v. *Wade* (1967) 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926]. But, while the presence of counsel at a police initiated lineup may serve to avoid the more obvious forms of

---

[3]The matter of expense does not seem to us to be important in the context of this case. Defendant was in custody; facilities for police-conducted lineups were available; and other persons to be used in a lineup were easily available from the jail population as in any case of a police initiated lineup. The cost to the People would have been nominal.

unfairness, the theory of *Wade* was not to bring about that result but to enable counsel, by his presence, to be aware of any unfairnesses and to adduce evidence of them before the trial court and jury. In the case of in-court identifications not preceded by a lineup, however, the weaknesses, if any, are directly apparent at the trial itself and can be argued to the court and jury without the necessity of depending on an attempt to picture a past lineup by words alone.[4]

Although the suggestion that the courts should allow a defendant the privilege of a pretrial lineup if he desires it is ingenious and, as we have said, not without merit, still it is not for this court, operating at our intermediate level, to introduce an additional requirement on police and prosecutors.

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 20, 1969.

---

[4]If the in-court identification was preceded by the use of mug shots, it is true that those pictures can be subpoenaed and introduced. But, if that is .done, the pretrial identification process can be substantially duplicated in the courtroom, whereas a pretrial lineup cannot ordinarily be so duplicated.