[Crim. No. 13190.   In Bank.   Aug. 20, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ALVIN ARCHIE FLOYD, Defendant and Appellant.

*Assigned by the Chairman of the Judicial Council.

Donald F. Roeschke, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Marvin A. Bauer and Walter E. Wunderlich, Deputy Attorneys General, for Plaintiff and Respondent.

PETERS, J.—In these consolidated cases, defendant was charged with one count of attempted robbery and three counts of robbery. It was also charged that defendant had suffered a prior conviction for robbery and that as to each count defendant was armed with a deadly weapon. After a trial without a jury, defendant was found not guilty of two counts of robbery but was found guilty of attempted robbery in the first degree and robbery in the first degree. The trial court found that the prior was true and that defendant was armed with a deadly weapon at the time of the commission of the two offenses for which he was found guilty.

After the determination of guilt, defendant waived a probation report and asked for immediate sentence, pointing out that he was a parole violator and would be going to state prison in any event. The court sentenced him to state prison on the two counts for which he was convicted and stated that both sentences should run concurrently. The order did not state whether the sentences should be consecutive or concur-

rent to the count being served. About three weeks later, the court apparently in the absence of defendant or counsel, entered an order reciting that its earlier minute order did not reflect the order of the court and providing the earlier order is amended nunc pro tunc to provide that the sentences would run consecutively to the sentence being served.

The first question relates to the propriety of the finding that defendant was armed at the time of the commission of the offenses. The question involves consideration of several code sections.

Section 211a of the Penal Code provides: "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon, and the robbery of any person who is performing his duties as operator of any motor vehicle, streetcar, or trackless trolley used for the transportation of persons for hire, is robbery in the first degree. All other kinds of robbery are of the second degree."[1] Under section 213 of the Penal Code robbery in the first degree is punishable by imprisonment for not less than five years, and robbery in the second by imprisonment for not less than one year.[2] Under section 664 of the Penal Code the punishment for an attempt to commit an offense for which no maximum punishment is set by law is imprisonment in the state prison for not more than 20 years.

Section 969c of the Penal Code provides that whenever "a defendant is armed with a firearm or other weapon under such circumstances as to bring said defendant within the operation of Section 3024 of the Penal Code relating to certain minimum penalties or of Section 12022 of the Penal Code, the fact that the defendant was so armed may be charged in the accusatory pleading. . . ." The section further provides that the question whether or not the accused was armed as alleged should be tried by the court or jury trying the issue of guilt and that if there is a guilty plea to the offense charged the question should be determined by the court before pronouncing judgment.

Section 3024 of the Penal Code provides: "The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence: (a)

---

[1] It is not claimed that the robberies in the present case involved torture or an operator of one of the described vehicles.

[2] A 1967 amendment to the section which is not applicable here provides for imprisonment of 15 years to life in certain cases of bodily harm.

For a person not previously convicted of a felony, but armed with a deadly weapon either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, two years; (b) For a person previously convicted of a felony either in this State or elsewhere, and armed with a deadly weapon, either at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, four years; (c) For a person previously convicted of a felony either in this State or elsewhere, but not armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, two years; (d) For a person convicted at one trial of more than one felony, and upon whom are imposed cumulative or consecutive sentences the aggregate of the minimum terms of which exceed 10 years, 10 years; . . ."

At the time of the offenses section 12022 of the Penal Code provided: "Any person who commits or attempts to commit any felony within this State while armed with any of the weapons mentioned in Section 12020 or while armed with any pistol, revolver, or other firearm capable of being concealed upon the person, without having a license or permit to carry such firearm as provided by this chapter, upon conviction of such felony or of an attempt to commit such felony, shall in addition to the punishment prescribed for the crime of which he has been convicted, be punishable by imprisonment in a state prison for not less than five nor more than 10 years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence."[3] The section makes further provision for convictions under like circumstances for second, third, fourth or subsequent convictions.

The application of the predecessor of section 12022 of the Penal Code to crimes in which a deadly weapon is a factor was considered in *In re Shull*, 23 Cal.2d 745, 749-752 [146 P.2d 417]. In that case the petitioner was convicted of assault with a deadly weapon, and the court held that the provision for increased punishment now found in section 12022 was not applicable. The court reasoned that the assault statute is a special statute dealing with assaults where deadly weapons are used, that the provision now found in section 12022 is a

---

[3]Section 12020 refers to weapons such as blackjacks, metal knuckles, dirks, and daggers. Section 12022 was amended in 1968 to increase the number of weapons included.

general statute providing for extra punishment for the use of certain weapons in the commission of felonies generally, that the general rule is that a special statute controls over a general statute, and "the Legislature has fixed the punishment for an assault where a deadly weapon is used, a particular crime, and it is not to be supposed that for the same offense without any additional factor existing the added punishment should be imposed." (23 Cal.2d at pp. 750-751.) The court also pointed out that the additional punishment is imposed where the use of the weapon is not one of the essential factors of the crime, such as rape. (23 Cal.2d at p. 750.)

In *People* v. *Ford,* 60 Cal.2d 772, 794 [36 Cal.Rptr. 620, 388 P.2d 892], it was held on the basis of *Shull* that the increased minimum penalty of section 3024 for being armed with a deadly weapon at the time of the offense did not apply to convictions for possession of a concealable weapon by an ex-felon and for assault with a deadly weapon.

The same reasoning applies to a conviction of robbery in the first degree on the basis of the fact that the defendant was armed, and sections 3024 and 12022 of the Penal Code are inapplicable. (*People* v. *Flores,* 262 Cal.App.2d 313, 321-322 [68 Cal.Rptr. 669] ; *People* v. *Sparks,* 257 Cal.App.2d 306, 312 [64 Cal.Rptr. 682] ; *People* v. *Thomsen,* 239 Cal.App.2d 84, 97-98 [48 Cal.Rptr. 455] ; cf. *People* v. *Bryant,* 154 Cal.App. 2d 121, 130-131 [315 P.2d 734] ; *In re Rodgers,* 121 Cal.App. 370, 371 et seq. [9 P.2d 223].) The special statute, section 213 of the Penal Code, fixes the penalty, and since the fact of being armed is essential to the conviction, sections 12022 and 3024 are inapplicable. Although section 664 relating to attempts is general in nature, the penalties prescribed by that statute are tied to the specific statutes providing for punishment of the crime attempted, and sections 12022 and 3024 are also inapplicable since they must be viewed in this connection as more general than the attempt statute. Moreover, to hold sections 12022 and 3024 applicable to attempts where use of a deadly weapon is an essential element of the crime attempted could cause the anomalous result that the punishment for the attempt is greater than the punishment for the crime attempted. Insofar as *People* v. *Tarpley,* 267 Cal.App.2d 852, 855-859 [73 Cal.Rptr. 643], is inconsistent with the views expressed above, it is disapproved.

However, it appears that a finding that a defendant was armed at the time of the commission of robbery in the first degree or at time of arrest is proper in first degree rob-

bery cases upon the basis of section 1203 of the Penal Code. The section provides in part that a judge shall not grant probation to any defendant previously convicted of a felony if at the time of the prior offense or at the time of arrest for said prior he was "armed with a deadly weapon (unless at the time he had a lawful right to carry the same), . . ." except that in unusual cases the judge with the concurrence of the district attorney may grant probation.

Should defendant subsequent to the instant offenses commit, and be convicted of, a further offense, his possession of deadly weapons during the commission of the instant offenses will be of substantial importance. Involved in this case is the issue whether defendant was armed at the times of the robbery and attempted robbery, a determination of that issue is essential to the determination of the crime committed, and an express determination of that issue in the judgment in the instant case will serve a useful purpose in the event of a subsequent conviction. We are satisfied that the efficient administration of justice will best be served by an express determination in the judgment as to whether the defendant was armed with a deadly weapon within the meaning of section 1203 of the Penal Code. (Cf. *People* v. *Tarpley, supra,* 267 Cal.App.2d 852, 855-859.)

The further issue under section 1203, whether defendant at the times of the offenses "had a lawful right to carry" the deadly weapon, is not an issue which would ordinarily be decided in determinimg the issue of guilt of the charges of robbery and attempted robbery, and since the issue will only become relevant in the event defendant at some future time commits a further offense, it should not be decided in the present proceeding but at the time of sentencing for such future offense, if committed.

Accordingly, the judgment in the instant case should provide that at the time of the commission of each of the instant offenses sections 3024 and 12022 of the Penal Code were inapplicable, but defendant was armed within the meaning of section 1203 of the Penal Code. ■ Since the nature of the weapon will obviously be relevant to the question under the latter section whether defendant had a lawful right to carry it, the judgment should also specify the nature of the weapon.

■ Defendant claims that the evidence is insufficient. However, he was identified by the victims of the crimes, and the alibi testimony and the testimony of a former cellmate, who claimed to be present at one of them, that he was not the

perpetrator merely served to create a conflict in the evidence.

Defendant also urges that the court improperly made the sentences for the instant offenses consecutive to the one presently being served. ■ In the absence of an order to the contrary a sentence on a later offense shall run concurrently to that of the prior offense. (Pen. Code, § 669). The Attorney General has conceded that the severity of defendant's sentence should not have been increased by a subsequent order entered out of his presence. (Cf. *In re Levi,* 39 Cal.2d 41, 45-47 [244 P.2d 403].)

The judgment is reversed, and the cause remanded for resentencing in accordance with the views expressed herein.

Traynor, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.