[Crim. No. 5173. Third Dist. Oct. 9, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. FLOYD ALLEN BREWSTER, Defendant and Appellant.

Robert M. Wheatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws, Nelson

P. Kempsky and Willard F. Jones, Deputy Attorneys General, for Plaintiff and Respondent.

PIERCE, P. J.—The appeal is from a judgment following a jury conviction of first degree robbery. (Pen. Code, §§ 211 & 211a.) Defendant was also charged with being, and found to have been, armed with a deadly weapon at the time of commission of the offense within the meaning of Penal Code sections 969c and 3024. We reject defendant's contention that the jury was inadequately instructed. We hold, however, that the case must be returned for further findings by the court regarding punishment and defendant's eligibility for probation.

At approximately 9:30 p.m. May 2, 1968, defendant was identified as the person who held up a small grocery store and stole $750. Identity was by three eyewitnesses including the proprietor and his son, both of whom knew defendant as a daily customer of the store. Defendant was also identified by a defense witness who, although he had failed positively to identify defendant in a lineup, did identify him at the trial. All of these witnesses testified defendant was armed with a double-barrel derringer. The defense witness referred to above testified he had seen defendant load the gun.

Defendant did not testify. In an extrajudicial statement he had claimed an alibi. He said he had spent the entire evening and until 2 a.m. the following morning at the home of a woman acquaintance. She was not called as a witness. Defendant called a service station operator as a witness—apparently to establish a different alibi. The witness was of no assistance to defendant. He testified defendant had left the service station not later than 9 p.m. the night of the robbery.

The court correctly instructed the jury that "Robbery is the felonious taking of personal property of any value in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."[1] The jury was also instructed correctly that "Robbery which is perpetrated . . . by a person being armed with a dangerous or deadly weapon is robbery in the first degree." (Pen. Code, § 211a.) The jury was told that if it found defendant guilty it was its duty to determine the degree in its verdict. (Pen. Code, § 1157.)[2] It was instructed that "A dangerous or deadly weapon means any weapon, instrument or

[1] CALJIC No. 210.
[2] CALJIC No. 210A.

object that is capable of being used to inflict death or great bodily injury'' and that it was not necessary that the weapon actually be used.[3]

In addition to charging defendant with robbery, the information filed also included the separate allegation that at the time of commission of the offense defendant was armed with a deadly weapon, to-wit, a gun. Accordingly, the jury was further instructed that if it found defendant guilty of the crime charged it would then become its duty to determine the truth of that allegation, and to include in its verdict a finding on that allegation. (Pen. Code, §§ 969c, 1158a.)[4] The terms "deadly weapon" and "armed with" as they are applied for purposes of this special finding were defined for the jury. (Pen. Code, § 3024, subd. (f).)[5] The jury was then instructed: "IF YOU SHOULD FIND that the defendant Floyd Allen Brewster was armed with a gun, I instruct you that said gun was a deadly weapon, *as that term is used in the instruction just given.*"[6] (Italics ours.)

Defendant's contention is that this last instruction denied him his constitutionally guaranteed right of due process. His reasoning is that a gun is not in fact a deadly weapon unless it is loaded and that the jury, in regard to its determination of degree, was entitled to find as a question of fact whether or not the gun carried by defendant was loaded.

Defendant's argument is inapposite since this instruction in no way related to the jury's function in regard to degree, but rather related to its subsequent determination of the truth or falsity of the allegation that defendant was armed with a deadly weapon, made in reference to a "deadly weapon" as defined in Penal Code section 3024, subdivision (f), which definition includes any firearm whether loaded or unloaded. (*People* v. *Raner* (1948) 86 Cal.App.2d 107, 112 [194 P.2d 37].) The distinction is explained in *People* v. *Aranda* (1965) 63 Cal.2d 518, 532-533 [47 Cal.Rptr. 353, 407 P.2d 265].

A recent decision, *People* v. *Floyd* (1969) 71 Cal.2d 879 [80 Cal.Rptr. 22, 451 P.2d 862], has wrestled with the punishment aspects of crimes committed with "deadly weapons." There the crimes involved were robbery and attempted robbery. The opinion does not state the nature of the "deadly

---

[3]CALJIC Nos. 210-B, 210-C.

[4]CALJIC No. 116 (Rev.)

[5]CALJIC No. 116-A, modified by striking reference to instruments other than firearms.

[6]CALJIC No. 116-B (Rev.).

weapon'' used but since the defendant was found guilty of one count of robbery in the first degree and one count of attempted robbery in the first degree it must be assumed that defendant was armed with a ''dangerous or deadly'' weapon. (The information had separately charged that he was armed with a ''deadly weapon,'' as required by Pen. Code, § 969c.) In the opinion Penal Code section 211a is defined and Penal Code sections 3024 and 12022 (as the latter section was worded when the crime there involved was committed) were discussed. It was held that both of said sections were inapplicable to first degree robbery convictions, the reason being that they were general sections ''providing for extra punishment for the use of certain weapons in the commission of felonies generally;'' that Penal Code section 213 which fixes the punishment for first degree robbery is a special statute; that the general rule is ''that a special statute controls over a general statute.'' It was also held, however, that ''the judgment in the instant case should provide that at the time of the commission of each of the instant offenses sections 3024 and 12022 of the Penal Code were inapplicable . . .'' (*People* v. *Floyd*, *supra*, at pp. 883-884.)

*Floyd*, however, declared a more important rule as applied to the case before this court. The ruling we refer to concerns a determination of the eligibility of the defendant for probation. There the court was concerned only with the possibility that '' [s]hould defendant subsequent to the instant offenses commit, and be convicted of, a further offense, his possession of deadly weapons during the commission of the instant offenses . . . will serve a useful purpose in the event of a subsequent conviction. . . . [T]he efficient administration of justice will best be served by an express determination in the judgment as to whether the defendant was armed with a deadly weapon within the meaning of section 1203 of the Penal Code.''

As the instant judgment presently stands a determination cannot be made whether the trial court in denying defendant probation determined he had been armed with a loaded pistol (or one intended for possible use as a bludgeon) and thus was a ''deadly weapon'' and therefore that he was eligible for probation only ''in unusual cases'' or whether it determined him to be armed with an unloaded pistol (not intended for bludgeoning use) and therefore a dangerous but not a deadly weapon.

The omission does not involve a retrial. The function of the

jury ended when it returned its first degree robbery verdict. It is the function of the court to determine the facts relevant to the fixing of probation and, in the exercise of its discretion, to determine whether probation shall be granted or denied. (*People* v. *Sheeley* (1958) 159 Cal. App.2d 578, 580 [324 P.2d 65] (hear den.).)

Judgment is reversed and the cause remanded solely for the purpose of amendment of the sentence to reflect that Penal Code sections 3024 and 12022 are inapplicable and for consideration by the court of the eligibility of the defendant for probation—with a finding of the nature of the weapon used—and in accordance with the views expressed herein.

Friedman, J., and Janes, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 3, 1969.