[Crim. No. 15952. Second Dist., Div. Four. Dec. 23. 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
ALLEN PURLUE GREEN, Defendant and Appellant.

242

**COUNSEL**

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Paul J. Richmond, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

KINGSLEY, J.—Defendant was charged in three counts, as follows: count I, with robbery of Alex Virgin and Shirley Sanders; count II, with kidnaping Virgen for the purpose of robbery; and, count III, with assault on Robert Orrison with intent to commit the robbery of Sanders. A prior felony conviction was also charged.

Defendant admitted the prior conviction. After a jury trial, he was found guilty on all three counts, the jury fixing the degree of robbery at first degree and also returning a special verdict that he was armed at the time of commission of the robbery. He was sentenced to state prison on all three counts, the court finding that the victim in the kidnaping count did not suffer bodily harm. The execution of the sentences on counts II and III was stayed, using the formula approved in *In re Wright* (1967) 65 Cal.2d 650, 655 [56 Cal.Rptr. 110, 422 P.2d 998].

I

The facts may be stated briefly. Defendant entered a pharmacy some time between 5 and 5:30 in the afternoon of July 13, 1967. He asked an employee, Mr. Virgen, to show him the location of a particular room. Once they were in the hallway, defendant produced a gun and forced Virgen to go to a restroom. Several other men were in the restroom. Virgen was compelled to remove his clothes, his wallet was taken and he was tied up.

The men left; eventually Virgen freed himself, found his clothes, and left the restroom.

After tying up Virgen, defendant, accompanied by two other men, returned to the pharmacy and, at gun point, compelled the clerk, Sanders, to give him money and narcotics. While that robbery was in process, Orrison, a customer, entered the pharmacy. He was struck on the head and forced to lie down on the floor. He complied, not getting up until the robbers had gone.

## II

By reason of a decision filed after the trial in this case, the judgment of conviction on count II must be reversed. In *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225], the Supreme Court overruled *People* v. *Wein* (1958) 50 Cal.2d 383 [326 P.2d 457], and the cases that followed *Wein*, and determined that section 209 of the Penal Code, proscribing kidnaping for the purpose of robbery, is not applicable where "the movements of the victim are merely incidental to the commission of the robbery and do not substantially increase the risk of harm over and above that necessarily present in the crime of robbery itself." That is the situation here; the kidnaping conviction (count II) must be reversed.

## III

Defense counsel argues, with reference to count III, that the crime of assault with intent to commit robbery, proscribed by section 220 of the Penal Code, requires that the assault be on a person who is an intended victim of the robbery. As counsel admits, he can find no cases so holding and our own research has been equally fruitless. Here the attack on Orrison was—or at least the jury could have so concluded—done to prevent him from interfering with the robbery of Sanders, then in midcourse. We agree with the Attorney General that the situation here is within the legislative purpose effected by section 220.

Defendant argues, also, that the identification of defendant as Orrison's assailant was insufficient, since Orrison was hit from behind and knows only that, when he turned around, dazed from the blow, he saw a man whom he subsequently identified as defendant. Not only does that argument go only to the weight of Orrison's testimony—a matter exclusively for the jury—but it is legally immaterial. From other evidence we know that the only persons in the pharmacy at the time of the assault were the victims and the participants in the robbery, namely defendant and the other men seen by Virgen and by Sanders; the jury could have concluded

that, no matter which one actually hit Orrison, it was done to aid in the common purpose and that defendant, even if not the actual assailant, was guilty. (Pen. Code, § 31.)

## IV

Finally, defendant argues as to count I, and also as to count II, that the identification of defendant as one of the robbers was constitutionally invalid. He bases that contention on four subordinate contentions:

(1) That in July of 1967—after the decision in *United States* v. *Wade* (1967) 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], he was placed in a lineup without the presence of counsel and that there is no showing that he had waived his right to counsel;

(2) That the lineup was unfair under the rule of *Stovall* v. *Denno* (1967) 388 U.S. 293 [18 L.Ed.2d 1199, 87 S.Ct. 1967];

(3) That he was originally identified by Virgen and by Orrison from photographs shown to those witnesses on an occasion when defendant was not represented by counsel although he was then under arrest for the crime; and

(4) That Virgen had made his lineup identification by peering through slats, so that defendant could not see or know who was looking at him.

■ (a) No objection on the *Wade* ground was made, although the trial—on January 3, 1968—was after that decision. The failure to object at the trial bars resort to the contention here.

■ (b) Although defense counsel examined and cross-examined extensively as to the inherent fairness of the lineup, he made no trial objection to the admission of the identification testimony. In this matter, the failure to object does not bar consideration of the point here, since the trial, although post *Stovall,* was 10 days before the decision by the California Supreme Court in *People* v. *Caruso* (1968) 68 Cal.2d 183 [65 Cal.Rptr. 336, 436 P.2d 336]. It has been held that it was not until *Caruso* expressly overruled *People* v. *Parham* (1963) 60 Cal.2d 378 [33 Cal.Rptr. 497, 384 P.2d 1001], that counsel was on notice that unfairness of a lineup was ground for exclusion of testimony rather than being merely a matter for argument as to weight. (*People* v. *Douglas* (1968) 259 Cal.App.2d 694, 696-698 [66 Cal.Rptr. 492].) It follows that the trial court should have made a finding as to the fairness of the lineup—a matter which, on this record, would have involved a resolution of the conflict between the defendant's version and that of the People as to the characteristics of the persons in the lineup.

But both Virgen and Sanders had had occasion to see and observe de-

fendant for extended periods while he dealt with them. It seems clear that Virgen's in-court identification of defendant as the man who had taken him to the restroom and there detained him was based on that identification and not on any defects in the lineup. While Sanders did not identify defendant in court, she was firm in her testimony that the man who had robbed her was the same man as the man who had taken Virgen away. We conclude that, beyond any reasonable doubt, the failure to observe the procedures now required was not prejudicial to defendant.

■ (c) The argument with respect to the fact that defendant could not see Virgen when the latter was observing him in the lineup is that this violated a right to confront the witnesses. But that right applies only to in-court confrontation; there is no constitutional requirement that defendant be a participant witness at consultations, out of court, between the agents of the prosecution and potential witnesses.

■ (d) The contention that a defendant is entitled to the presence of counsel when a witness is shown a group of photographs was discussed by us in *People* v. *London* (1969) 274 Cal.App.2d 241, 242-243 [78 Cal. Rptr. 848]. As that decision points out, where the precourt identification is by means of photographs, the photographs can be subpoenaed and from them the fairness or unfairness of the procedure will become objectively apparent to the trial court and jury. This distinguishes such a mode of identification from the pretrial physical lineup, where, unless counsel had been present, there is little opportunity to present to the trial court the actual procedure followed. It is that opportunity to know how the pretrial identification took place which the court in *Wade* made the basis of its requirement of counsel at physical lineups.

## V

■ When defendant was arrested and told that he was charged with robbery, he stated that he had been in Tiajuana "since last Thursday." The arrest was on July 18, 1967; the robbery was on the preceding Thursday (July 13, 1967). At the trial, defendant denied being in Tiajuana. Since, at the time of the statement, the police had not yet identified to defendant the particular robbery with which he was to be charged, the People contended that the statement indicated a guilty knowledge. The trial court gave an instruction that "(g) A statement previously made by him [defendant] that is inconsistent with any part of his testimony," should be considered by the jury in weighing his credibility.

Defendant argues that, under these circumstances, the trial court should have instructed, *sua sponte,* with the standard cautionary instruction. (*People* v. *Ford* (1964) 60 Cal.2d 772, 799-800 [36 Cal.Rptr. 620, 388 P.2d 892].) Such an instruction should have been given. But the omission

was not prejudicial. Defendant was positively identified both by Virgen and by Orrison. Beyond any reasonable doubt, the error was not prejudicial. (*Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].)

## VI

■ Defendant argues that the court should have instructed the jury that eyewitness identifications are to be regarded with caution. We have heretofore considered and rejected that same contention. (*People* v. *Trotter* (1969) 273 Cal.App.2d 538, 546 [78 Cal.Rptr. 430]; *People* v. *Snyder* (1969) 276 Cal.App.2d 520, 524 [80 Cal.Rptr. 822].)

## VII

Defendant correctly points out, and the Attorney General concedes, that the finding in the judgment with reference to count I, that defendant was armed at the time of that offense should be modified in accordance with the decision in *People* v. *Floyd* (1969) 71 Cal.2d 879, 884 [80 Cal. Rptr. 22, 457 P.2d 862].

The judgment on count I is modified by striking therefrom the words "that defendant was armed as alleged" and substituting therefor the words "that defendant was armed with a revolver at the time of commission of such offense within the meaning of section 1203 of the Penal Code but sections 3024 and 12022 of said code are not applicable"; as so modified the judgment on count I is affirmed; the judgment on count II is reversed; the judgment on count III is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied on January 12, 1970, and appellant's petition for a hearing by the Supreme Court was denied February 18, 1970.