[Crim. No. 20155. Second Dist., Div. Four. Mar. 24, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT HUGHES DORAN, Defendant and Appellant.

## COUNSEL

Norman W. de Carteret, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and William R. Pounders, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant and James William Jones, were charged with robbery, in violation of section 211 of the Penal Code. After a trial by jury, defendant was found guilty as charged, the verdict also finding that he was armed at the time of the offense. He was sentenced to state prison; he has appealed; we affirm.[1]

The theory of the prosecution was that the defendants had entered the home of the victims in Santa Barbara, by falsely claiming to be telephone repair men, had held up the victims and a guest at gun point, and had taken valuable jewelry. The commission of the robbery was not in question; the only issue at the trial was the identity of the robbers.

On this appeal, defense counsel urges the following points:

(1) That the pretrial photographic identification of defendant by the victims was so suggestive as to deny defendant a fair trial;

(2) That an offer by defendant to cooperate with the prosecution in exchange for a county jail sentence was admitted into evidence in violation of section 1153 of the Evidence Code;

(3) That defendant was improperly denied the disclosure of the name of an informant;

---

[1]The record before us does not disclose Jones' fate.

(4) That defendant was improperly denied the right to conduct an in-court lineup for the purpose of identification; and

(5) That defendant was not allowed to show that he had not attempted flight after arrest although he had the opportunity so to do.

We find none of these contentions to be meritorious.

## I

The investigating officer had shown photographs of suspects to the victims over a two-year period. In some instances the showings had been preceded by a question as to whether the victims knew anyone by a certain name. The questions did not always relate to persons whose pictures were shown.[2] Ultimately, after receiving the tip hereinafter discussed, the officer asked the victims if the names of Jones or Doran evoked any memory. He was told that they did not. When the next group of photographs was shown the victims, pictures of Doran and Jones were included and their names appeared on the prints. The victims selected those pictures as being pictures of the two robbers. They testified that, in making their selection, they had looked only at the faces and had not been influenced by the names.

As we point out below, at the preliminary examination, the magistrate had allowed the defense to conduct an in-court lineup, which had resulted in reidentification of the two defendants.

All of the circumstances relating to the pretrial photographic identification procedures were examined, in great detail, by the trial court, outside the presence of the jury. We cannot say that that court's preliminary determination of fairness was in error.

## II

The record shows that defendant, after having been twice fully advised of his *Miranda* rights, had made a confession to the investigating police officer. After an out-of-jury presence hearing, the trial court found that the confession was admissible and it was admitted into evidence before the jury. No contention is here made that that ruling was in error.

After he had confessed, defendant attempted to "deal" with a deputy prosecutor for a jail sentence in exchange for information as to the

---

[2]The officer testified that, because the robbers had indicated substantial familiarity with the premises and with the potential fruits of the robbery, he suspected that someone knowing the victims might have been involved. Accordingly he investigated various employees and acquaintances and checked the names of other suspects with the victims.

location of the stolen jewels. Because defendant could not offer any real help, the deal never was made. Evidence of the conversation between defendant and the deputy district attorney was admitted in evidence.

Assuming that the admission of that evidence was error and violative of Evidence Code, section 1153, there was no possible prejudice; the evidence, at most, was merely cumulative of the lawfully admitted confession.

## III

As we have indicated above, the police ultimately were led to suspect and charge defendant and Jones because of a "tip" from an informant. The informant—allegedly of tested reliability—had told Los Angeles detectives that he had learned that defendant and Jones had committed a robbery in Santa Barbara and he had given the detective enough data as to that robbery to enable the police to connect the information with the robbery herein involved. The Los Angeles Police Department transmitted their information to the investigating officers in Santa Barbara, who followed it up, resulting in arrest and prosecution.

Defendant duly moved for disclosure of the identity of the informant. The prosecution claimed the privilege provided for in section 1041 of the Evidence Code; the trial court held an *in camera* hearing in accordance with the provisions of subdivision (d) of section 1042 of the Evidence Code, resulting in a denial of the motion for disclosure. In accordance with the statutory provision concerning an *in camera* hearing in such cases, the proceedings were reported, the reporter's transcript was sealed and transmitted to this court. We have read it. The whole record supports the ruling of the trial court.[3] There was no error.

## IV

As we have said, defendant was allowed to conduct an in-court lineup at the preliminary examination, with results unfavorable to him. He sought to conduct a similar in-court lineup before the trial jury. The request was denied.

In the case of *People* v. *London* (1969) 274 Cal.App.2d 241 [78 Cal. Rptr. 848], this court held that a defendant is not entitled, as of right, to a pretrial lineup. There is even less reason to permit, as of right, an in-court lineup. Assuming that such a procedure is a matter within the discretion of the trial court, we cannot say that, with the results of the previous lineup

---

[3]We regard the provisions for secrecy of the *in camera* proceedings as making it improper for us to set forth in this opinion anything more definite than the ultimate conclusion above stated.

at the preliminary examination before it, the trial court abused its discretion in denying a second attempt.

## V

■ During the *voir dire* hearing on the admissibility of defendant's confession, it had been brought out that, while defendant was being transported from Los Angeles to Santa Barbara, the arresting officer and defendant had stopped at a restaurant for a meal, that defendant had been un-handcuffed for that event, and that he had not attempted to escape. He sought to bring that fact before the jury as evidence of innocence. While an attempt to flee may raise an inference of guilt, the converse is not true, as the Supreme Court pointed out in *People* v. *Montgomery* (1879) 53 Cal. 576, 577-578.[4] There was no error.

## VI

The amended complaint, on which defendant was tried, charged him with "the crime of robbery in violation of Section 211 of the Penal Code," and also alleged that he "was armed with a dangerous and deadly weapon, a revolver, at the time of said robbery." The verdict of the jury found him guilty of "robbery" and that he was armed with a "deadly or dangerous weapon as charged in the Information." The judgment entered by the trial court recites that he had been found guilty of "the Crime of violation of Section 211 of the Penal Code of the State of California and was armed with a deadly weapon at the time of commission of the offense."

The clerk's transcript also includes a copy of the "Abstract of Judgment" provided for by section 1213 and following of the Penal Code. That document recites as follows: "Defendant *was* charged and admitted being, or was found to have been armed with a deadly weapon at the time of commission of the offense, or a concealed deadly weapon at the time of his arrest within the meaning of Penal Code sections 969c and 3024." Except for the word "was" in the above quotation, the language is part of a printed form.

---

[4]"There was no error in excluding the evidence offered by the defendant to the effect that, while confined in jail on this charge, he had an opportunity to escape from the jail, but declined to avail himself of it. This flight of a person suspected of having committed a crime is a circumstance which, if unexplained, tends more or less strongly to establish his guilt; but it by no means follows that his failure to flee, having the opportunity to do so, tends to prove his innocence. He may very naturally have been deterred from making an effort to escape from a fear that he would be recaptured, and that his fruitless attempt to escape would be evidence of guilt; or he may have felt so strong a confidence of his acquittal, for want of the requisite proof of his guilt, that he deemed it unnecessary to flee."

Clearly much of this boiler-plate was totally inapplicable to anything charged, proved or found against defendant. Eliminating the obviously inapplicable language, we are left with a recital that defendant was armed with a dangerous weapon and that the jury had so found.

(1) Section 1157 of the Penal Code provides that the failure of a jury to find the degree of the offense causes the offense to be "deemed to be of the lesser degree." We can find no cases directly in point. ■ We conclude, however, that, where the jury has expressly found the facts which, as a matter of law, make a robbery one in the first degree under section 211a of the Penal Code, such a factual finding is sufficient to constitute a finding of degree within the intent of section 1157. We modify the judgment accordingly.

(2) The events herein involved took place in 1967. Under the law as it then stood, neither section 3024 nor section 12022 of the Penal Code were applicable to a conviction for armed robbery. (*People* v. *Floyd* (1969) 71 Cal.2d 879 [80 Cal.Rptr. 22, 457 P.2d 862].) Accordingly, the judgment must be further modified to include the language dictated by the *Floyd* opinion.

The judgment is modified to recite that defendant had been found guilty of, and was convicted of, robbery in the first degree, and further to recite that, at the time of commission of that offense, he was armed with a deadly weapon, to-wit, a revolver, within the meaning of section 1203 of the Penal Code, but that sections 3024 and 12022 of the Penal Code were not applicable. The clerk of the superior court is directed to issue a revised abstract of judgment, in accordance with this opinion and to transmit it as required by section 1213 of the Penal Code. As so modified the judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied April 17, 1972, and appellant's petition for a hearing by the Supreme Court was denied May 31, 1972. Peters, J., was of the opinion that the petition should be granted.