[Crim. No. 22177. Second Dist., Div. Four. July 9, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
GEORGE LEE COX, Defendant and Appellant.

## COUNSEL

John H. Sandoz, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Edward T. Fogel, Jr., and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

FILES, P. J.—In case A 011498 a jury found defendant guilty of two counts of robbery (Pen. Code, § 211) and found that he was armed with a shotgun at the time of the commission of the offense. On May 16, 1972, he was sentenced to state prison for the term prescribed by law for first degree robbery on each count. At the same time, in case A 009958, in which defendant had been convicted and placed on probation for violation of Vehicle Code section 23105, probation was revoked, and he was sentenced to prison for that offense. Also in case A 010275, where defendant had previously been granted probation after conviction for burglary, second degree, in violation of Penal Code section 459, probation was revoked and defendant was sentenced to state prison. All terms were ordered to run concurrently. Defendant is appealing from the judgment in each case.

Since defendant was properly convicted of robbery in case A 011498, the trial court was justified in revoking the probation granted in the two earlier cases, and the judgments imposed in those two cases were altogether proper.

The principal contention raised by defendant with respect to the robbery conviction is that certain incriminating statements which he made

following his arrest were inadmissible upon the ground that the arrest was unlawful.

This issue was raised in the trial court, prior to trial, by a motion to suppress the statements under Penal Code section 1538.5.

Defendant was arrested mainly because of a statement by another suspect. Defendant was taken to the police station, where detectives advised him of his rights and interrogated him. At that time defendant "denied any connection to the robbery. . . ."

The detectives then turned defendant back to the arresting officer for booking. En route to the booking desk defendant made two spontaneous statements which the officer related as follows: "A. [by Officer Bailey] He stated to the effect he couldn't see why the police believed a robbery had occurred, why they thought a robbery had occurred. Q. [by Mr. Oghigian, deputy district attorney] Did he say anything else? A. After he made that statement, I believe I asked for a clarification; and he stated to the effect that it had to do with the sale of some TV sets and something went down, but it wasn't a robbery."

Assuming that the arrest of Cox was without probable cause, his statement is not thereby made inadmissible. Here the defendant's statements were spontaneous and not the product of interrogation or the result of any exploitation of the illegal detention. The motion to suppress was properly denied. (See *Rogers* v. *Superior Court* (1955) 46 Cal.2d 3, 10 [291 P.2d 929]; *People* v. *Williams* (1970) 8 Cal.App.3d 44, 49 [86 Cal.Rptr. 821]; *People* v. *Chambers* (1969) 276 Cal.App.2d 89, 101 [80 Cal. Rptr. 672]; *People* v. *Martin* (1966) 240 Cal.App.2d 653 [49 Cal.Rptr. 888].)

■ Although the evidence adequately supports defendant's conviction of the two counts of first degree robbery we are compelled to reduce the conviction to second degree by reason of the recent holding in *People* v. *Beamon* (1973) 8 Cal.3d 625 [105 Cal.Rptr. 681, 504 P.2d 905].

Under Penal Code section 211a all robbery perpetrated by a person armed with a deadly weapon is first degree. The information charged and the evidence showed that defendant was armed with a shotgun during the commission of the robberies. He pointed it at the victims as he demanded their money.

Penal Code section 1157 directs that, when a defendant is convicted of a crime which is distinguished into degrees, the trier of the fact must find the degree of the crime, and in the absence of such a determination the

crime is deemed to be of the lesser degree. Unfortunately, the forms of verdict returned by the jury found defendant guilty of robbery without stating it was "first degree."

As required by Penal Code section 1158a the jury returned separate verdicts finding, as to each count, that "the charge . . . of being armed at the time of the commission of the offense" was true.

The identical situation was before the Supreme Court in the *Beamon* case. The court there stated: "We cannot assume, contrary to the clear legislative direction, that because a factual finding was made which would have warranted a determination of first degree robbery, the jury unmistakably intended (see *People* v. *Flohr* (1939) 30 Cal.App.2d 576, 581 [86 P.2d 862]) to make that determination when it refrained from expressly fixing the degree. The degree of the crime must, in accordance with the statute, be deemed to be of the second degree." (8 Cal.3d at p. 629, fn. 2.)

It is also necessary to consider the applicability of the jury's special finding that the defendant was armed.

Penal Code section 3024, subdivision (b), provides that the minimum term of imprisonment for a person previously convicted of a felony and armed with a deadly weapon at the time of the commission of the offense is four years.

Penal Code section 12022 provides that a person who commits a felony while armed with a deadly weapon "shall in addition to the punishment prescribed for the crime of which he has been convicted, be punishable by imprisonment in a state prison for not less than five nor more than 10 years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence."

The Supreme Court has held that the Legislature did not intend sections 3024 and 12022 to apply to offenses such as first degree robbery in which the use of a deadly weapon is an essential element of the basic offense, and that in such a case the judgment must state that those sections are inapplicable. (*People* v. *Floyd* (1969) 71 Cal.2d 879 [80 Cal.Rptr. 22, 457 P.2d 862].) However, that rationale would not prevent the application of section 3024 and section 12022 to an armed robber who was only convicted of the second degree.

Under Penal Code section 213 first degree robbery is punished by imprisonment "for not less than 5 years," and second degree robbery is

punished by imprisonment "for not less than 1 year." If the defendant should be sentenced for second degree robbery and if sections 3024 and 12022 are applicable, his minimum term for robbery would be four years under section 3024, subdivision (b), plus a consecutive term of not less than five years for being armed under section 12022.

In the *Beamon* opinion, after holding that the offense there must be reduced to second degree, the court said (at p. 629, fn. 2): "The finding that defendant was armed with a deadly weapon, 'to wit, a handgun' would thus appear to be applicable for all purposes (see §§ 1203, 3024, 12022; *People* v. *Floyd* (1969) 71 Cal.2d 879 [80 Cal.Rptr. 22, 457 P.2d 862]), but the trial court ordered that its applicability be limited to section 1203 relating to future violations, if any, by defendant. The court similarly limited the applicability of the finding of having been armed in the case of the kidnaping. There are, accordingly, no issues of minimum or maximum terms other than as provided for the basic crimes. (See §§ 209, 213.)"

In the case at bench, unlike *Beamon,* the trial court did not declare sections 3024 and 12022 inapplicable.

Since the issue was not before the court in *Beamon*, we do not construe the comment in the footnote as a decision that sections 3024 and 12022 both apply to this situation. Rather, the statement that the finding of armed "would appear to be applicable for all purposes" simply points out what the code appears to say. We therefore look to the policy behind those sections, and the Supreme Court's interpretation in other cases.

█ There appears to be no reason why section 3024 should not apply in the present situation. That section simply increases the minimum term to four years for an armed recidivist. Defendant is not being punished in any other way for those particular aggravating circumstances. The resulting term of four years to life is less than the term of five years to life which the trial court imposed, and which would have been upheld but for the error in the form of the verdict.

█ Section 12022 presents a different kind of problem. If applicable it would impose a consecutive five- to ten-year term. This punishment when added to the term prescribed for second degree robbery, would be more onerous than that prescribed by law for the more serious offense of armed robbery. Since (as the Supreme Court has held in *Floyd*) the Legislature did not intend a person guilty of armed robbery to suffer this increased punishment, it could not have intended such additional punishment to apply to a person such as defendant, who was actually guilty of armed

robbery but convicted of a less serious offense as a result of a defective verdict. We must conclude that, given the legislative intent which the Supreme Court found in *Floyd* and *Beamon,* section 12022 is not applicable in this case, and the judgment of the superior court should so state.

The judgment in case A 011498 is hereby modified by

(1) fixing the degree of the robberies at second degree, and

(2) adding to the statement that defendant was armed with a shotgun the following language: "within the meaning of Penal Code sections 1203 and 3024, but sections 12022 and 12022.5 are inapplicable."

As so modified the judgment in case A 011498 is affirmed. The judgments in cases A 009958 and A 010275 are each affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied July 27, 1973, and the petitions of the appellant and the respondent for a hearing by the Supreme Court were denied September 6, 1973.