[Crim. No. 20155. Second Dist., Div. Four. Jan. 8, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT HUGHES DORAN, Defendant and Appellant.

## OPINION

**THE COURT.**—In the light of *People* v. *Beamon* (1973) 8 Cal.3d 625 [105 Cal.Rptr. 681, 504 P.2d 905], it is clear that this court misconstrued section 1157 of the Penal Code when we treated defendant's conviction for robbery as being in the first degree (*People* v. *Doran* (1972) 24 Cal.App.3d 316, 321-322 [100 Cal.Rptr. 886]). Applying the tests set forth by the Supreme Court in *People* v. *Beagle* (1972) 6 Cal.3d 441, 454, fn. 2 [99 Cal.Rptr. 313, 492 P.2d 1], we conclude that the *Beamon* rule should be retroactively applied. In *People* v. *Cox* (1973) 33 Cal.App.3d 378 [109 Cal.Rptr. 43], we assumed, without discussion, that *Beamon* was

retroactive. Accordingly, defendant is entitled to relief (see *People* v. *Mutch* (1971) 4 Cal.3d 389, 396-399 [93 Cal.Rptr. 721, 482 P.2d 633]).

The result, in this case, as in *Cox,* is that Doran should be regarded as convicted of robbery in the second degree, with sections 1203 and 3024 of the Penal Code applicable, but with section 12022 of that code inapplicable.

Section 1157 of the Penal Code provides that the failure of a jury to find the degree of the offense causes the offense to be "deemed to be of the lesser degree." Accordingly, the robbery herein involved should have been found to be of the second degree.

Since the conviction is for second degree, the full rationale of *People* v. *Floyd* (1969) 71 Cal.2d 879 [80 Cal.Rptr. 22, 457 P.2d 862], would seem to make sections 1203, 3024 and 12022 of the Penal Code all applicable. However, to make section 12022 applicable in this case would result in a sentence longer than for first degree robbery. We do not think that that result must follow.

The motion to recall the remittitur is granted; a new remittitur shall issue, providing as follows: "The judgment is modified to recite that defendant had been found guilty of, and was convicted of, robbery in the second degree and further to recite that, at the time of commission of that offense he was armed with a deadly weapon, to wit, a revolver, within the meaning of sections 1203 and 3024 of the Penal Code but that section 12022 of the Penal Code is not applicable. As so modified, the judgment is affirmed."