[Crim. No. 15061. First Dist., Div. One. Nov. 17, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN EDWARD CALLAGHAN, Defendant and Appellant.

**COUNSEL**

John Robin Orme, under appointment by the Court of Appeal, for Defendant and Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. deHart and Patrick G. Golden, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—The Monterey County Grand Jury investigated, and took evidence on, charges that defendant Callaghan had sexually molested several young girls. Placed in evidence as Exhibit No. 1 at the hearing was a police lineup photograph depicting several male adult persons. A police officer testified that "number 3" of the photograph was a portrayal of Callaghan. Asked if her molester's likeness appeared on Exhibit No. 1, each of his five alleged victims said he was "number 3" thereon. The grand jury thereafter returned an indictment charging Callaghan with nine separate felonious sexual offenses.

During Callaghan's trial the court held that the "lineup identification" was constitutionally invalid according to *Wade* and *Gilbert* (*United States* v. *Wade*, 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], and *Gilbert* v. *California*, 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951]), because of denial to Callaghan of his right to counsel at the time. Thereafter the court granted a motion to suppress his in-court identification by two of the alleged victims. (See *United States* v. *Wade, supra*; *People* v. *Martin*, 2 Cal.3d 822, 830-832 [87 Cal.Rptr. 709, 471 P.2d 29].) Callaghan then moved to quash the grand jury indictment on grounds which will hereafter be discussed; that motion was denied.

The trial jury found Callaghan guilty of (1) assault with intent to commit rape (see Pen. Code, §§ 220, 261), (2) rape by means of force and violence (see Pen. Code, § 261, subd. 2), and (3) oral copulation (see Pen. Code, § 288a). The appeal is from an order committing Callaghan to the Department of Mental Hygiene for placement in the Atascadero State Hospital, California, for care and treatment as a mentally disordered sex offender. (The order is described as a "judgment" in the notice of appeal.)

■ There was substantial evidence produced at the trial in support of the jury's verdicts. No contrary contention is made by Callaghan.

The resolution of a single issue will be dispositive of the many points which have been raised by Callaghan. The issue is stated by him substantially as follows. Because of the trial court's holding that the "lineup identification" was constitutionally invalid, the lineup photograph, Exhibit No. 1 at the grand jury hearing, was incompetent evidence. Since each of the victim witnesses identified him only by reference to that exhibit, Callaghan's indictment was supported by *no* evidence, and it should have been quashed on his motion.

Callaghan's reliance is upon *Greenberg* v. *Superior Court,* 19 Cal.2d 319 [121 P.2d 713], and later authority following the holding of that case.

*Greenberg* and its lineage hold that: ■ "A grand jury that indicts a person when no evidence has been presented to connect him with the commission of the crime charged, exceeds the authority conferred upon it by the Constitution and laws of the State of California, and encroaches upon the right of a person to be free from prosecution for crime unless there is some rational ground for assuming the possibility that he is guilty. . . . *Such an indictment is void and confers no jurisdiction upon a court to try a person for the offense charged.*" (19 Cal.2d, p. 322, italics added.)

But it has now been firmly held that *Greenberg,* using the term "no evidence," intended the meaning of no evidence whatever *in the probative sense.* It did not refer to evidence with logical probative value but which, for some constitutional or other reason, was subject to objection or suppression.

In *People* v. *Warburton,* 7 Cal.App.3d 815 [86 Cal.Rptr. 894] (hg. by Supreme Ct. den.; cert. den., 400 U.S. 1022 [27 L.Ed.2d 634, 91 S.Ct.

587]), it was contended that the only inculpating evidence given a grand jury was subject to suppression, since it had been obtained in violation of the Fourth Amendment. Warburton's nolo contendere plea, it was urged by him on appeal, was accordingly invalid since the superior court never had jurisdiction in the case. The court held: ■ "The claimed insufficiency of the evidence before the grand jury is not an issue which goes to the jurisdiction or the legality of the trial court proceedings in any fundamental sense. . . . Insufficiency of the evidence before the grand jury . . . is 'jurisdictional' in the special procedural sense that the ruling of the trial court may be reviewed by writ of prohibition under Penal Code section 999a. . . . But the defect is not jurisdictional in the fundamental sense, because . . . it is subject to waiver." (7 Cal.App.3d, p. 821; and see *People* v. *Meals,* 49 Cal.App.3d 702, 706 [122 Cal.Rptr. 585] (hg. by Supreme Ct. den.); *People* v. *Gibbs,* 16 Cal.App.3d 758, 765 [94 Cal.Rptr. 458] (hg. by Supreme Ct. den.).)

■ In the instant case, Callaghan's right to object to, or suppress, his improper lineup was also subject to waiver. (See *People* v. *Williams,* 2 Cal.3d 894, 909 [88 Cal.Rptr. 208, 471 P.2d 1008] [cert. den., 401 U.S. 919 (27 L.Ed.2d 821, 91 S.Ct. 903)]; *People* v. *Harris,* 18 Cal.App.3d 1, 7 [95 Cal.Rptr. 468]; *People* v. *Nabors,* 12 Cal.App.3d 380, 386 [90 Cal.Rptr. 649]; *People* v. *Green,* 3 Cal.App.3d 240, 245 [83 Cal.Rptr. 491]; *People* v. *Adams,* 1 Cal.App.3d 29, 32 [81 Cal.Rptr. 378] [cert. den., 398 U.S. 941 (26 L.Ed.2d 276, 90 S.Ct. 1856)].) Under the rule of *People* v. *Warburton, supra,* 7 Cal.App.3d 815, 821, and its related authority, the trial court was not deprived of jurisdiction in the fundamental sense. The motion to quash the indictment was properly denied.

We observe further, the trial court's conclusion that the lineup *identification* was contrary to *Wade-Gilbert*'s strictures. No finding was made that the *photograph* of the several subjects of the lineup, as used in the grand jury proceedings, was constitutionally, or otherwise, tainted; nor is such a contention made here. Indeed, it appears to have afforded more, and better, protection against mistaken identification than an otherwise permissible photograph of Callaghan alone would have given him. We, ourselves, have examined the photograph; we find nothing suggestive or improper about it. ■ And, of course, *Wade* and *Gilbert* "do not apply to pretrial photographic identifications made of a suspect after his arrest." (*People* v. *Lawrence,* 4 Cal.3d 273, 275 [93 Cal.Rptr. 204, 481 P.2d 212] [cert. den., 407 U.S. 909 (32 L.Ed.2d 682, 92 S.Ct. 2431)].)

■ Finally, we perceive it to be the rule that a motion to quash an indictment must be made before the trial has commenced or the claimed defect will be deemed waived. (Pen. Code, §§ 995, 996; *People* v. *Sigal*, 249 Cal.App.2d 299, 305 [57 Cal.Rptr. 541]; *People* v. *Ashcraft*, 138 Cal.App.2d 820, 826 [292 P.2d 676]; *People* v. *Coffman*, 105 Cal.App.2d 164, 167-168 [233 P.2d 117].) ■ We are unimpressed by Callaghan's argument that it was not until after his trial commenced that the court ruled the lineup identification was invalid. He had not been precluded, before the trial, from moving to set aside the indictment on grounds of an improper lineup and the claimed related defective grand jury identifications.

The order that Callaghan "be committed [as a mentally disordered sex offender] to the Department of Mental Hygiene for placement in the Atascadero State Hospital, California, for care and treatment for an indefinite period" is affirmed.

Molinari, P. J., and Weinberger, J.,* concurred.

A petition for a rehearing was denied December 17, 1976, and appellant's petition for a hearing by the Supreme Court was denied February 3, 1977.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.