[Crim. No. 5803. Third Dist. Dec. 31, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
GRAHAM S. HENRY, Defendant and Appellant.

### COUNSEL

John B. Cinnamon, under appointment by the Court of Appeal, Robertson & Hand and John B. Mitchell for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Michael Franchetti, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BRAY, J.**\*—Defendant appeals from judgment, after jury verdict, convicting him of first degree robbery (Pen. Code, § 211) and finding that he was armed with a deadly weapon at the time of the commission of the offense.[1]

### QUESTIONS PRESENTED

Defendant's sole contention is that the imposition of the additional penalty for first degree robbery prescribed by Penal Code section 12022.5, additional to the penalty provided by section 211, constitutes double jeopardy and double punishment.

### RECORD

As defendant does not attack the sufficiency of the evidence to support the finding by the jury that he was guilty of robbing the Kentucky Fried Chicken in Sacramento on December 20, 1969, while armed with a deadly weapon within the meaning of section 12022.5 of the Penal Code, it is unnecessary to detail the evidence.

### NO DOUBLE JEOPARDY

Section 211 of the Penal Code defines the offense of robbery. Section 211a prescribes that if the robbery is perpetrated by a person armed with a dangerous or deadly weapon, it is robbery of the first degree. Section 213 provides in pertinent part that first degree robbery is punishable by imprisonment in the state prison for not less than five years, while second degree robbery is punishable by imprisonment therein for not less than one year.

Section 12022.5 provides in pertinent part: "Any person who uses a firearm in the commission . . . of a robbery . . . shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the State prison for a period of not less than five years. Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence.

" . . . . . . . . . . . . . . . . . .

---

\*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]Defendant was acquitted of the charge of attempted robbery.

"This section shall apply even in those cases where the use of a weapon is an element of the offense."

█ Defendant contends primarily that section 12022.5, providing additional punishment for use of a firearm in a robbery, provides a lesser offense included within the offense of first degree robbery, and that constitutional guarantees of double jeopardy forbid conviction of both. The fallacy of this contention is that section 12022.5 does not describe an offense. The question of double jeopardy arises only where there is multiple prosecution for the same offense. (*People* v. *Douglas* (1966) 246 Cal.App.2d 594, 597 [54 Cal.Rptr. 777]; see *In re Shull* (1944) 23 Cal.2d 745, 749 [146 P.2d 417]; *People* v. *Floyd* (1969) 71 Cal.2d 879, 881 [80 Cal.Rptr. 22, 457 P.2d 862].) Section 12022.5 merely provides additional punishment for an offense in which a firearm is used. Moreover, for double jeopardy to serve as a bar to a prosecution a necessarily included offense to a crime for which defendant was already convicted, acquitted or once placed in jeopardy on an accusatory pleading must again be charged in a new accusatory pleading. (Pen. Code, § 1023; *People* v. *Berutko* (1969) 71 Cal.2d 84, 95 [77 Cal.Rptr. 217, 453 P.2d 721].) Only one accusatory pleading is involved in this case.

Nor has defendant received double punishment under the terms of section 654 of the Penal Code, which provides in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

█ *People* v. *Floyd, supra,* 71 Cal.2d at page 883, held that since the fact of being armed is essential to the conviction of first degree robbery, section 12022, which provides for additional punishment where a person commits a felony while armed with a certain type of firearm, was inapplicable. However, in 1969 the Legislature, obviously to overcome the effect of *People* v. *Floyd* and the other cases based on it, enacted section 12022.5, stating "This section shall apply even in those cases where the use of a weapon is an element of the offense."

The basis of the decision in *People* v. *Floyd* is not that double punishment resulted from the imposition of the additional punishment prescribed by section 12022, but rather that first degree robbery already imposed an additional punishment for the use of a dangerous weapon and that the Legislature could not have intended to increase the punishment further. The enactment of section 12022.5 clearly indicates that the Legislature, because of the increase in the use of deadly weapons in the commission of

the offenses mentioned in that section, did intend an increase in the penalties. Even if section 654 could be interpreted as claimed by defendant, it is clear that the Legislature intended section 12022.5 to be an answer to the decision in *People* v. *Floyd, supra,* and to be effective even though it imposed double punishment. Section 654 is the older and more general statute, while section 12022.5 is a special statute enacted to meet the very situation occurring in the case at bench and is applicable here.

Moreover, section 654 prohibits double punishment where a single act or a course of criminal conduct engaged in with a single objective results in the commission of two or more crimes. (*People* v. *Diaz* (1967) 66 Cal.2d 801, 806 [58 Cal.Rptr. 729, 427 P.2d 505].) Here there was only one crime—the robbery.

Judgment is affirmed.

Pierce, P. J., and Regan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 24, 1971.