[Crim. No. 1506. Fifth Dist. Dec. 28, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVE ALLEN MORGAN, Defendant and Appellant.

## COUNSEL

Ronald W. Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Willard F. Jones and Garrick W. Chock, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (G. A.), P. J.**—Appellant was convicted by a jury of robbery in the first degree (Pen. Code, § 211). The jury also found that he used a firearm during the commission of the offense within the meaning of Penal Code section 12022.5.[1]

The court sentenced appellant to prison for the term prescribed by law.[2]

---

[1]Penal Code section 12022.5 provides in pertinent part: "Any person who uses a firearm in the commission or attempted commission of a robbery, assault with a deadly weapon, murder, rape, burglary, or kidnapping, upon conviction of such crime, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the state prison for a period of not less than five years. Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence.

". . . . . . . . . . . . . .

"This section shall apply even in those cases where the use of a weapon is an element of the offense."

[2]Penal Code section 213 provides in pertinent part: "Robbery is punishable by imprisonment in the state prison as follows:

"1. Robbery in the first degree for not less than five years."

This case arises out of the armed robbery of a liquor store by appellant and his companion during a time when there were eight other customers in the store. The evidence shows that appellant pointed a handgun at the owner during the transfer of the money and while the robbers were making their escape.

■ Appellant urges as grounds for reversal that the sentence for armed robbery of five years to life, when considered with the provisions of Penal Code section 12022.5 (see fn. 1) is unconstitutional as cruel or unusual punishment within the meaning of article I, section 6 of the California Constitution and also violates the equal protection clause of the United States Constitution. He further argues that the trial court committed prejudicial error by admitting into evidence a sheriff's photograph of appellant taken approximately one year previous to the event in question.

The first argument is based on the premise that the imposition of the additional penalty of not less than five years for the use of a firearm, in addition to the punishment prescribed for the crime, constitutes a second life sentence under the indeterminate sentence law (Pen. Code, § 671) and that two consecutive life sentences are cruel or unusual within the proscription of article I, section 6 of the California Constitution. (See *People* v. *Anderson* (1972) 6 Cal.3d 628 [100 Cal.Rptr. 152, 493 P.2d 880], cert. den. 406 U.S. 958 [32 L.Ed.2d 344, 92 S.Ct. 2060]; *In re Lynch* (1972) 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921].)

■ Aside from other considerations, this contention must fail at the threshold because appellant is not serving two consecutive life sentences but one sentence of ten years to life. He was sentenced for one crime—not two, the additional five-year minimum being only further punishment. Thus the Adult Authority may, for the purpose of determining and redetermining his length of imprisonment, treat his sentence as only one sentence and not two. (*In re Byrnes* (1948) 32 Cal.2d 843, 847 [198 P.2d 685]; *In re Cowen* (1946) 27 Cal.2d 637, 643 [166 P.2d 279], cert. den. 329 U.S. 742 [91 L.Ed. 640, 67 S.Ct. 43]; *In re Allen* (1965) 239 Cal. App.2d 23, 25 [48 Cal.Rptr. 345].)

■ In any event, when a sentence is challenged as cruel or unusual, the court must examine it under the assumption that the maximum possible sentence will be served. (*In re Lynch, supra,* 8 Cal.3d at p. 419.) ■ Accordingly, since the maximum sentence that appellant could possibly serve is one life sentence, the punishment must be examined in that light.

In *In re Lynch, supra,* 8 Cal.3d 410, the Supreme Court held that a penalty of life imprisonment for a second offense of indecent exposure

constituted cruel and unusual punishment. The principal test delineated in *Lynch* was whether the punishment imposed was "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (8 Cal.3d at p. 424.) In applying this test, the court looked at three principal factors:

(1) The nature of the offense, including its violent or nonviolent nature, the nature of the offender, and the degree of danger to society presented by both the offense and the offender (8 Cal.3d at p. 425);

(2) A comparison of the challenged penalty with the punishment prescribed in the same jurisdiction for different offenses which, by the same test, must be deemed more serious (8 Cal.3d at p. 426); and

(3) Comparing the challenged penalty with the punishment prescribed for the same offense in other jurisdictions having an identical or similar constitutional provision. (8 Cal.3d at p. 436.)

In applying these criteria, it becomes manifest that appellant's sentence of 10 years to life for robbery by the use of a firearm is within the Legislature's "broad discretion" to specify punishment for crime. (*In re Lynch, supra,* 8 Cal.3d at p. 414; *People* v. *Anderson, supra,* 6 Cal.3d at p. 640.)

With respect to the first criteria used in *Lynch,* the crime herein involved extreme danger to society, and particularly to the victims and to the eight customers in the store. The circumstances of the crime fail to indicate that "the nature of the offender" is any less heinous than other robbers, or that the punishment is completely disproportionate to the offense. (See *People* v. *McDaniels* (1972) 25 Cal.App.3d 708, 712-716 [102 Cal.Rptr. 444].)

Regarding the second test set forth in *Lynch,* there are a few crimes which, debatably, may be considered more serious but which have lesser maximum penalties. These include manslaughter (15 years; Pen. Code, § 193), attempted murder (20 years; Pen. Code, § 664), assault with intent to murder (14 years; Pen. Code, § 217), mayhem (14 years; Pen. Code, § 204), assault to commit a felony (15 years; Pen. Code, § 221), and arson (20 years; Pen. Code, §§ 447a, 448a). However, there are also numerous offenses which should be considered less serious but have the maximum penalty of life. These include second degree robbery (Pen. Code, § 213), first degree burglary (Pen. Code, § 461), lewd acts on a child under 14 (Pen. Code, § 288), sodomy (Pen. Code, § 286), sex perversion by force (Pen. Code, § 288a), annoying a child or loitering around a school with a prior (Pen. Code, § 647a), possession of narcotics with two priors (Health & Saf. Code, § 11350), possession of narcotics for sale with one prior

(Health & Saf. Code, § 11351), and sale or transportation of narcotics (Health & Saf. Code, § 11352).

With respect to the third test announced in *Lynch* (i.e., a comparison of the challenged penalty with those in other jurisdictions), it is also apparent that the California penalty squares with many other states. Colorado, Florida, Georgia, Hawaii, Idaho, Illinois, Louisiana, Michigan, Mississippi and Utah all provide for life imprisonment for a first offense of armed robbery. Additionally, Alabama, Alaska, Arizona, Massachusetts, Missouri, Montana, Oklahoma, Texas and Washington do not provide for any maximum term of imprisonment. Furthermore, Alabama, Georgia, Mississippi, Missouri, Oklahoma and Texas provide by statute for the death penalty for armed robbery. (But see *Furman* v. *Georgia* (1972) 408 U.S. 238 [33 L.Ed.2d 346, 92 S.Ct. 2726].)

■ Appellant also contends that the imposition of the additional penalty of five years for the use of a firearm is an unreasonable classification and thus denies him equal protection of the laws. In this respect, appellant points out that one who commits a robbery by the use of a knife, dagger, blackjack or other weapon is not subjected to the additional five-year imprisonment that one who uses a firearm is. Accordingly, appellant argues that this is an unreasonable classification.

The distinction between the danger of a robbery with a knife or blackjack and a robbery with a firearm is obvious: A firearm can inflict deadly wounds on a number of people within a wide area and within a short amount of time; a knife, on the other hand, can only inflict wounds on persons within the area of the criminal's throwing or reaching range. Accordingly, the legislative classification is completely reasonable. Cases where similar arguments were raised and flatly rejected include *People* v. *McDaniels* (1972) 25 Cal.App.3d 708, 712-716 [102 Cal.Rptr. 444], "We hold that the concern of the Legislature over the use of firearms in the commission of crimes, and its desire to deter the use thereof by increasing the penalties attendant upon this use constituted reasonable grounds for increasing the penalties theretofore provided for the crimes enumerated in Penal Code section 12022.5, including armed robbery, even though the use of a deadly weapon is an essential element of the crime" (at pp. 715-716), and *People* v. *Aguilar* (1973) 32 Cal.App.3d 478, 486 [108 Cal. Rptr. 179], "When certain properties of firearms are considered in combination, it becomes obvious that section 12022.5 is based on a rational distinction, . . ."

Having in mind the mandate that under the broad discretion of the Legislature to enact penal statutes and specify punishment for crime a

statute must be upheld unless its unconstitutionality clearly, positively and unmistakably appears *(In re Dennis M.* (1969) 70 Cal.2d 444, 453 [75 Cal.Rptr. 1, 450 P.2d 296]), we unhesitatingly conclude that the punishment for robbery with the use of a firearm of 10 years to life clearly passes constitutional muster. *(In re Lynch, supra,* 8 Cal.3d 410.)

■ Lastly, appellant contends that the court committed prejudicial error by admitting into evidence a police photograph of the appellant, showing him with a mustache, which had been taken approximately one year prior to the offense in question.

Appellant denied being at the liquor store and offered proof that he was elsewhere during the time. the crime was committed. He denied he had a mustache on the date of the crime, and he was without one on the date of the trial, although he admitted that he had worn a mustache in the past. The prosecution sought to introduce a sheriff's identification photograph which was about a year old, and in asking appellant's codefendant if he could identify the person in the photograph the prosecutor stated before the jury: "I am going to hand you a photograph with the sheriff's No. 68309, bearing date 5-21-71." Thereafter, in chambers, the court ordered that the date and the number on the photograph be cut off. The judge then asked in chambers if appellant's counsel would still have any objection to its introduction, and counsel answered that he would have none. The picture was identified by his codefendant as an accurate representation of appellant with a mustache. Appellant contends that the photograph had little probative value and the remarks of the district attorney when laying the foundation for its introduction connected appellant with prior criminal conduct and were highly prejudicial. At the conclusion of the trial the jury was instructed that it must not consider as evidence any statement of counsel made during the trial.

At the trial five eyewitnesses identified appellant, and four stated he had a goatee and mustache at the time of the offense.

First we observe that evidence admitted without objection cannot be raised for the first time on appeal. *(People* v. *Gallegos* (1971) 4 Cal.3d 242, 249 [93 Cal.Rptr. 229, 481 P.2d 237]; *People* v. *Washington* (1969) 71 Cal.2d.1061, 1081-1082 [80 Cal.Rptr. 567, 458 P.2d 479].)

On the merits the trial court has a broad discretion in determining whether to admit or exclude photographs *(People* v. *Stanworth* (1969) 71 Cal.2d 820, 838 [80 Cal.Rptr. 49, 457 P.2d 889]), and it has been held that "mug shots" similar to those here involved are admissible for identification purposes. *(People* v. *Peralez* (1971) 14 Cal.App.3d 368, 377 [92

Cal.Rptr. 256]; *People* v. *Hurley* (1957) 151 Cal.App.2d 339, 341-342 [311 P.2d 49].)

Further, the appellant by his own testimony admitted that he had been in jail before, and thus further evidence of prior criminal conduct as suggested by the prosecutor's remarks could not have been prejudicial. (*People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243].)

The judgment is affirmed.

Gargano, J., and Franson, J., concurred.