[Crim. No. 6666. Fourth Dist., Div. One. Oct. 17, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
MASON EDWARD WILLIAMS, Defendant and Appellant.

## COUNSEL

Harold F. Tyvoll, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and Yvonne H. Behart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—This is Williams' second appeal to this Court in this case. In our first opinion, filed September 28, 1973 (nonpublished, hearing denied), this matter was returned to the trial court for resentencing because of confusion in the handling of two prior convictions at the time of sentencing. At resentencing the trial court struck the two prior convictions and otherwise left the sentence the same as before. Williams was sentenced to prison for consecutive terms prescribed by law for robbery, and for assault with a deadly weapon, with the additional penalty under Penal Code section 12022.5 for having used a firearm.

On this appeal Williams claims the Penal Code section 3024, subdivision (d) prohibition of minimum time exceeding 10 years applies to him. He reasons the minimum terms of 5 years for robbery, 6 months for assault with a deadly weapon, plus 5 years under Penal Code section 12022.5, totaling 10½ years, is improper under section 3024, subdivision (d) which states: "The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence:

"..............................

"(d) For a person convicted at one trial of more than one felony, and upon whom are imposed cumulative or consecutive sentences the aggregate of the minimum terms of which exceed 10 years, 10 years."

At page 14 of our first opinion we said: "Penal Code section 1168 requires the court to sentence Williams 'to be imprisoned, in a state prison' and forbids it fixing 'the term or duration of the period of imprisonment.' Williams' argument the court should ensure his aggregate minimum term of punishment does not exceed 10 years is misdirected. He cites Penal Code section 3024 setting a minimum term of not more than 10 years for several felonies in one trial. That section, however, is directed to the Adult Authority.

"In addition, Penal Code section 12022.5 is not an offense (*People* v. *Henry*, 14 Cal.App.3d 89, 92 [91 Cal.Rptr. 841])."

Penal Code section 12022.5 places an additional penalty upon the person who uses a firearm in committing specified crimes. Its purpose is to discourage the use of firearms. Here the total minimum time of the consecutive sentences under 3024, subdivision (d) is but 5½ years. The additional time imposed under section 12022.5 is not to be included in computing the minimum term under section 3024, subdivision (d); thus, there is no possible violation of that section under the sentence by the lower court.

Judgment affirmed.

Ault, J., and Cologne, J., concurred.

A petition for a rehearing was denied October 25, 1974.