[Crim. No. 17986. In Bank. Apr. 30, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
COLUMBUS WHITE, JR., Defendant and Appellant.

**COUNSEL**

Harold F. Tyvoll, under appointment by the Supreme Court, and Kenyon C. Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Alan S. Meth and Donald E. Greco, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

McCOMB, J.—Defendant appeals from a judgment of conviction of first degree robbery, in the commission of which a firearm was used.

*Facts:* The robbery of which defendant was convicted was committed December 15, 1972. His trial commenced on June 5, 1973; and on July 10, 1973, he was sentenced to the prescribed term (five years to life (Pen. Code, § 213, subd. 1)),[1] which was ordered to run consecutively to any prior incompleted sentences.

It was also found that defendant had used a firearm, within the meaning of section 12022.5. That section provides that upon conviction of certain enumerated felonies (including robbery) in which a firearm is used, the defendant "shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the state prison for a period of not less than five years," such additional term of imprisonment not to run concurrently with his sentence for the underlying offense. Upon a second such conviction under like circumstances, the additional minimum term is 10 years and upon a third, 15 years, and it is required that those terms of additional imprisonment run consecutively. Upon a fourth or subsequent convic-

---

[1]All section references are to the Penal Code.

tion, the defendant may be imprisoned for life or not less than 25 years, in the discretion of the court.[2]

Several months earlier, defendant had been convicted, in separate trials, of two other robberies, committed on December 9, 1972, and December 17, 1972. In each of those robberies the jury also found that defendant had used a firearm. The sentence for the December 9 robbery was ordered to run concurrently with any prior incompleted sentences. The sentence for the December 17 robbery was ordered to run concurrently with the sentence imposed on the December 9 robbery and with any prior incompleted sentences. The sentence imposed in the case at bench was ordered to run consecutively to any prior incompleted sentences.

Thus, for the three robberies defendant became subject to three five-year-to-life terms, two of which were ordered to run concurrently and one consecutively, making a minimum of ten years therefor. Because he had used firearms, defendant became subject to additional consecutive punishment by reason of section 12022.5. As a result, the minimum terms to which defendant is subject because of his commission of the three robberies exceed ten years.

Section 3024, subdivision (d), provides that "the minimum term of sentence and imprisonment . . . [f]or a person convicted at one trial of more than one felony, and upon whom are imposed cumulative or consecutive sentences the aggregate of the minimum terms of which exceed 10 years, [shall be] 10 years." Defendant contends that if he had been convicted of the 3 robberies at a single trial, he would have been entitled to the benefit of section 3024, subdivision (d), as a result of which his minimum term would have been 10 years, and that his minimum term for the offenses of which he was convicted at multiple

[2]Section 12022.5 provides, in part: "Any person who uses a firearm in the commission or attempted commission of a robbery, assault with a deadly weapon, murder, rape, burglary, or kidnapping, upon conviction of such crime, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the state prison for a period of not less than five years. Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence.

"Upon a second conviction under like circumstances, the additional period of imprisonment shall be for a period of not less than 10 years, and upon a third conviction under like circumstances the additional period of imprisonment shall be for a period of not less than 15 years, such terms of additional imprisonment to run consecutively.

"Upon a fourth or subsequent conviction under like circumstances, the defendant may be imprisoned for life or a period of not less than 25 years, in the discretion of the court."

trials, together with the additional terms prescribed by section 12022.5, because he used a firearm in the commission of the offenses, must be limited to 10 years, or he will have been denied equal protection of the laws.

■ *Questions:* First. *Does the 10-year limit in section 3024, subdivision (d), preclude imposition of the additional penalties prescribed by section 12022.5?*

*No.* Section 3024, subdivision (d), by its terms limits to 10 years the minimum term of persons "convicted at one trial of more than one felony," the aggregate minimum sentences for which exceed 10 years. This section is concerned with, and limited to, the subject of minimum sentences imposed for the multiple underlying felonies, and has no application whatever to the additional terms of imprisonment imposed for use of a firearm in the commission of the felonies enumerated in section 12022.5. The additional imprisonment prescribed by the latter section is not to be included in computing the aggregate minimum term under section 3024, subdivision (d). (*People* v. *Williams,* 42 Cal.App.3d 547, 549 [116 Cal.Rptr. 894].)

As pointed out in *People* v. *Strickland,* 11 Cal.3d 946, 961 [114 Cal.Rptr. 632, 523 P.2d 672], section 12022.5 does not define crimes or offenses, but merely increases the penalty to be imposed for the offenses enumerated therein when a firearm is used in their commission. (See also *People* v. *Johnson,* 38 Cal.App.3d 1, 10 [112 Cal.Rptr. 834] (hg. den.); *People* v. *Henry,* 14 Cal.App.3d 89, 92 [91 Cal.Rptr. 841] (hg. den.).)

Additional significant evidence of legislative intent is found in the provisions of section 12022.5, which, on their face, impose, in certain situations, an additional term of imprisonment in excess of the 10-year minimum limitation under section 3024, subdivision (d). The obvious purpose of section 12022.5 is to deter the use of firearms in the commission of violent crimes by prescribing additional punishment for each use. (*People* v. *Chambers,* 7 Cal.3d 666, 672 [102 Cal.Rptr. 776, 498 P.2d 1024]; *People* v. *Williams, supra,* 42 Cal.App.3d 547, 549.) To that end, the section expressly directs that increasingly severe punishment be imposed upon second, third, and fourth or subsequent convictions, namely, additional minimum terms of 10, 15 and 25 years respectively. These provisions for additional imprisonment, to commence only upon the termination of the sentence for the basic crime in which the defendant used a firearm, indicate that the Legislature did not intend

that the 10-year limitation of section 3024, subdivision (d), would apply to the terms of imprisonment compelled by section 12022.5. To hold otherwise would nullify a special statute intended and obviously designed to impose substantial additional punishment in aggravated circumstances, and would lead to totally incongruous and anomalous results which could not reasonably have been contemplated by the Legislature.

If the dissent's interpretation were consistently applied, these additional terms of imprisonment could not be imposed where the prior offender commits two or more new offenses triable at a single trial. Thus, an interpretation of these sections which harmonizes them by restricting the application of section 3024, subdivision (d), to the underlying felonies promotes the clear legislative intent to impose substantial *additional* penalties for the use of firearms.

The dissent (*post*, p. 805, fn. 5) concedes that its interpretation, if given uniform effect, would lead to unusual consequences. For example, the perpetrator of multiple felonies would be treated more leniently than a person convicted of only one offense, in situations where both offenders had suffered a prior conviction to which section 12022.5 applied. Furthermore, under the dissent's construction, section 12022.5 would be applicable only to offenders who have committed but one new offense (§ 3024 being inapplicable), and to those less serious offenses carrying less severe minimum terms (so that the 10-year limitation is not exceeded). Nothing whatever, in the legislative history of the sections or elsewhere, indicates any intent to cause such inconsistent results. The necessary consequence of the dissent's reasoning is that a provision intended and obviously designed to impose substantial *additional* punishment in *aggravated* circumstances would apply, ironically, only to the *less* serious offenses. This cannot have been the purpose of the legislation.

Therefore, since the additional punishment prescribed by section 12022.5 is not to be included in computing the minimum term under section 3024, subdivision (d), there is no merit to defendant's contention that he has been denied equal protection. His increased minimum punishment results not from separate trials but from the use of a firearm in the commission of the robberies. Since two of his three five-year-to-life sentences were ordered to run concurrently, his minimum term for the underlying felonies is ten years, the same maximum minimum set by section 3024, subdivision (d).[3]

---

[3]In *In re Foss*, 10 Cal.3d 910 [112 Cal.Rptr. 649, 519 P.2d 1073], this court, in dictum appearing at pages 925-926, referred to the 10-year minimum term prescribed by section

 Second. *Did the trial court abuse its discretion in making defendant's term consecutive to any prior incompleted terms?*

*No.* Defendant contends that it is cruel or unusual punishment to make the sentence upon his third conviction of first degree robbery and the use of a firearm incident thereto run consecutively to his two previous sentences, and he suggests that the trial court did so because he went to trial on the charge instead of pleading guilty.

In *People* v. *Morgan,* 36 Cal.App.3d 444 [111 Cal.Rptr. 548], it was held that imposition of the term prescribed by law for first degree robbery and the increased penalty for use of a firearm did not constitute cruel or unusual punishment. Moreover, except as provided in section 669 of the Penal Code with respect to sentences of life imprisonment, it is in the discretion of the trial court whether to make the sentence for the underlying offense run concurrently with, or consecutively to, any incompleted prior sentences. (Pen. Code, § 669; *People* v. *Morris,* 20 Cal.App.3d 659, 666 [97 Cal.Rptr. 817].) Defendant admits that the trial judge did not state any reason for ordering that his sentence run consecutively to any incompleted prior sentences; but he argues that since the district attorney, just before sentence was rendered, had urged such a sentence for that reason, it may be assumed that that was the basis for the trial judge's decision. Such a conclusion would constitute unjustified speculation, and defendant has failed to establish that the trial judge acted improvidently.

Defendant also argues that because of the maximum minimum set by section 3024, subdivision (d), the trial court abused its discretion in making his five-year-to-life term consecutive to the two five-year-to-life terms previously imposed upon him, the latter two having been ordered to run concurrently. As hereinabove pointed out, however, his 10-year maximum minimum for the underlying felonies is within the limit set by section 3024, subdivision (d).

The judgment is affirmed.

---

3024, subdivision (d), as a mandatory one, during which the defendant is denied the possibility of parole. This interpretation, we now conclude, was unwarranted, and the general provisions of section 3049 of the Penal Code would apply to make an offender whose minimum term was established pursuant to the provisions of section 3024, subdivision (d), eligible for parole after serving one-third of the minimum 10-year term. (*People* v. *Riser,* 47 Cal.2d 566, 583 [305 P.2d 1]; *People* v. *Reese,* 47 Cal.2d 112, 117-119 [301 P.2d 582]; see also 2 Ops.Cal.Atty.Gen. 283, 284.)

Clark, J., and Richardson, J., concurred.

Sullivan, J., concurred in the judgment.

**TOBRINER, J.**—I dissent.

In a few hasty paragraphs, the majority has discarded established rules of statutory construction and gone far toward eliminating from the Penal Code a statute which has long formed an integral part of the Indeterminate Sentence Law.

Since the date. of the enactment of its predecessor in 1933, section 3024, subdivision (d) (hereafter citations to section 3024 will not specify "subdivision") has maintained flexibility in the sentencing scheme of this state by fixing a ten-year upper limit on the minimum term for any person convicted of two or more related felonies. Today the majority, ignoring the language, purpose, and legislative history of section 3024(d), holds that its ameliorative provisions do not apply to terms of imprisonment imposed under section 12022.5. The majority thus undermines the Indeterminate Sentence Law by permitting persons convicted of more than one felony to be confined for decades, regardless of the Adult Authority's subsequent determination that the defendant's rehabilitation and progress in prison justifies an earlier release.

As I shall explain, sections 12022.5 and 3024(d) play quite different roles in the criminal process. Section 12022.5 is directed to the trial judge and authorizes him to impose heavy additional penalties for the use of a firearm during the commission of enumerated felonies, but says nothing about how terms of punishment are to be cumulated if a person is convicted of more than one such felony. Section 3024(d) is directed to the fixing of a minimum term by the Adult Authority, a function which it, performs some months after imposition of sentence; the section commands that body not to cumulate minimum terms of imprisonment for multiple punishment beyond 10 years; the cumulation of maximum terms is not affected. Both statutes apply by their express language to the case at bar, and both should be given effect.

Unfortunately, I must begin my analysis by restating the facts of this case, since the majority, by passing lightly over them, has obscured the real issue before us.

Defendant was convicted, at three separate jury trials, of three first degree robberies (Pen. Code, § 211), each involving the use of a firearm. These robberies occurred within an eight-day period (Dec. 9, 15 and 17) in 1972. Convicted, first, of the December 9 robbery, defendant received a sentence of five years to life for the robbery itself (Pen. Code, § 213) and an additional sentence of five years to life for firearm use (Pen. Code, § 12022.5).[1] Pursuant to section 12022.5 the court fixed the penalty for the use of a firearm as consecutive to the sentence for the underlying robbery. At this point, defendant therefore had minimum terms totalling 10 years and a life maximum sentence.

Next, defendant was convicted of the December 17 robbery; he again received a sentence of five-to-life for the robbery and five-to-life pursuant to section 12022.5.[2] These terms, although necessarily consecutive to one another, were ordered to run *concurrently* with the sentence for the first conviction, so that defendant, after the second conviction, still had a 10-year total minimum and life maximum sentence.

---

[1]Section 12022.5 provides, in part: "Any person who uses a firearm in the commission . . . of a robbery, . . . upon conviction of such crime, shall, in addition to the punishment prescribed for the crime of which he has been convicted, be punished by imprisonment in the state prison for a period of not less than five years. Such additional period of imprisonment shall commence upon expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence.

"Upon a second conviction under like circumstances, the additional period of imprisonment shall be for a period of not less than 10 years, and upon a third conviction under like circumstances the additional period of imprisonment shall be for a period of not less than 15 years, such terms of additional imprisonment to run consecutively.

"Upon a fourth or subsequent conviction under like circumstances, the defendant may be imprisoned for life or a period of not less than 25 years, in the discretion of the court.

"This section shall apply even in those cases where the use of a weapon is an element of the offense."

Hereinafter all references to sections in this dissent are to the Penal Code unless otherwise noted.

[2]Section 12022.5 (see fn. 1, *ante*) provides that for a second and third conviction "under like circumstances" the additional minimum penalty for firearms use shall be 10 and 15 years, respectively. This provision, however, clearly does not apply to the present facts. Defendant, when charged with the December 17 robbery, was not charged with a prior conviction "under like circumstances" (see § 969), nor could he have been, since the trial for the December 9 robbery had not taken place. Similarly, the information for the December 15 robbery did not charge prior convictions of either of the other two robberies.

If the prosecution had awaited conviction of each robbery before charging defendant with the next, thus seeking to cumulate penalties by charging prior convictions, the 10- and 15-year additional penalty provisions still would not apply. The purpose of cumulating provisions is to deter recidivists who are released from prison from committing another similar offense. The deterrent purpose does not apply to the defendant who commits a series of crimes, using a firearm, before apprehension and

Finally, defendant was convicted of the December 15 robbery, the one involved in the present appeal. Again, he received a sentence of five-to-life under section 213 and five-to-life consecutive under section 12022.5. This time, however, the judge, exercising his discretion under section 669 to impose consecutive sentences, ordered that these terms be served "consecutively in respect to any prior incompleted sentences." The Department of Corrections, as appears from defendant's cumulative case summary, interpreted this judgment as resulting in total minimum terms of 20 years. It derived the 20-year minimum by adding the concurrent 10-year minimum terms imposed for the December 9 and 17 robberies to the consecutive 10-year minimum terms imposed for the December 15 robbery.

The precise issue we are called upon to decide is whether the Department of Corrections properly cumulated the two 10-year minimum terms, resulting in a 20-year minimum, or whether it was limited by the 10-year ceiling on minimum terms established by section 3024(d).[3] That section provides: "The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence; . . . (d) For a person convicted at one trial of more than one felony, and upon whom are imposed cumulative or consecutive sentences the aggregate of the minimum terms of which exceed 10 years, 10 years. . . ."

The issue resolves itself into two subsidiary questions: (1) Does section 3024(d) apply to the instant case even though defendant was convicted of the multiple felonies at separate trials? (2) If so, does section 3024(d) apply to additional terms of imprisonment imposed under section

---

trial. Section 644 explicitly requires that defendants "have served separate terms" for prior offenses before they can be adjudged habitual criminals, and section 12022.5, which pursues a similar deterrent purpose, must also apply only to cases in which some part of a sentence or probationary term for the prior offense has already been served prior to the commission of the new offense. The pleading statute for prior convictions, section 969, accords with this interpretation, since it indicates that the pleading should state that the defendant was convicted of the prior offense *before the commission* of the offense charged in the pleading.

[3]In a technical sense, defendant should properly have raised this issue by a writ of habeas corpus, rather than in conjunction with his direct appeal, because section 3024(d) relates to the Adult Authority's term-fixing function rather than to the trial court's sentencing decision. (See, e.g., Pen. Code, § 3020 et seq.; *In re Kapperman* (1974) 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657].) Because the Attorney General has not objected to this procedural deficiency throughout these appellate proceedings, and inasmuch as the issue has been fully briefed and argued, I believe it is appropriate that our court resolve the issue in the present proceeding.

12022.5? As I explain below, the language and purpose of these two statutes makes inescapable the conclusion that section 3024(d) applies to the case at hand, including the additional terms imposed under section 12022.5. Defendant should therefore be considered as having an aggregate minimum term after the 3 convictions of 10 years, not 20.

1. *Section 3024(d) applies although defendant was convicted at separate trials.*

Section 3024(d), by its express terms, imposes a 10-year limit on the minimum term of a person "convicted at one trial of more than one felony." Defendant contends that the limitation to persons convicted "at one trial" unconstitutionally discriminates against a person who, like himself, was convicted at separate trials of offenses which could have been joined under section 954. Because the distinction between the two classes of persons thus created does not reasonably relate to the legitimate purpose of the statute, he asserts, he has been denied equal protection of the law.

Defendant patently raises a meritorious contention, and the Attorney General does not even attempt to refute it. Compliance with the equal protection clauses of the United States and California Constitutions (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7) requires that persons similarly situated with respect to the legitimate purpose of the law must receive like treatment, and that classifications which the statutes create, must at a minimum, bear a rational relationship to a legitimate public purpose. (*In re Kapperman* (1974) 11 Cal.3d 542, 546 [114 Cal.Rptr. 97, 522 P.2d 657]; *In re King* (1970) 3 Cal.3d 226, 232 [90 Cal.Rptr. 15, 474 P.2d 983].)

The purpose of section 3024(d), as I discuss more fully below, is to place an upper limit on the aggregate minimum terms of persons convicted of more than one felony. The statute thereby furthers the goal, fundamental to the Indeterminate Sentence Law, of vesting in the Adult Authority the discretion to set discharge and parole dates in accordance with the merits of each prisoner's case. The statute further promotes uniformity of incarceration for defendants in like circumstances who would otherwise be subject to the varying standards of individual judges. A distinction between defendants convicted of multiple offenses at several trials, in which the offenses could have been joined, and defendants convicted of multiple offenses at a single trial does not reasonably relate to this purpose.

At oral argument, the Attorney General asserted for the first time that the state pursues a legitimate interest in encouraging the joinder of multiple counts under section 954, and that accordingly a defendant may be put to the choice of risking, on the one hand, the possible prejudice which could result from multiple offenses being tried at a single trial, and on the other hand, foregoing the protection of section 3024(d) and subjecting himself to a possibly greater minimum term. This argument, however, does not apply to the present case. The prosecution, not the defendant, chose to charge the three robberies separately and thereby to require three separate trials. Since the record shows that defendant was not arraigned for the third (Dec. 15) robbery until he had already been tried and sentenced for the other two, he had no opportunity to seek to join the trial of that robbery.

In any event, just as defendant cannot be subjected to greater punishment because he chooses to plead not guilty (*United States* v. *Wiley* (7th Cir. 1960) 278 F.2d 500, 504) or to appeal a conviction (*People* v. *Henderson* (1963) 60 Cal.2d 482, 497 [35 Cal.Rptr. 77, 386 P.2d 677]), so he must be protected from a longer potential minimum term if he obtains severance of criminal charges. The state's interest in encouraging defendants not to seek severance is merely an administrative interest in judicial economy, and cannot overcome defendant's right to the protection of due process of law through severance of the charges. (See *Bullock* v. *Carter* (1972) 405 U.S. 134 [31 L.Ed.2d 92, 92 S.Ct. 849]; *Shapiro* v. *Thompson* (1969) 394 U.S. 618, 633 [22 L.Ed.2d 600, 614, 89 S.Ct. 1322].)

If a statute confers privileges on some persons but unconstitutionally withholds such privilege from others similarly situated, a reviewing court may invalidate the invidious exception and extend the privilege to those unconstitutionally excluded. (*In re Kapperman, supra,* 11 Cal.3d 542; *In re King, supra,* 3 Cal.3d 226.) I conclude that section 3024(d) applies to a defendant convicted of multiple offenses at separate trials, if such offenses, as in the instant case, could have been joined.

2. *The 10-year limitation of section 3024(d) applies to terms of imprisonment imposed under section 12022.5.*

The majority opinion asserts that section 3024(d) is concerned only with the minimum sentences imposed for the underlying felonies and not with the additional imprisonment which may follow a finding of use of a firearm under section 12022.5. This assertion fails to distinguish the functions served by sections 12022.5 and 3024(d), and is refuted by the language and legislative history of those enactments.

Sections 12022.5 and 3024 serve distinct and independent functions in the structure of the California criminal process. Section 12022.5 is a sentencing statute. Its mandate, directed to the trial court, requires that court to sentence a defendant found to have used a firearm in the commission of an enumerated felony to additional terms of imprisonment. Under California's Indeterminate Sentence Law (Pen. Code, § 2900 et seq.), however, the imposition of sentence by the trial court does not determine the actual term of confinement in state prison. The Legislature has delegated the task of fixing the actual term of imprisonment to the Adult Authority. (See Pen. Code, § 3020.)

Section 3024, on the other hand, is not a sentencing statute, but one of the provisions limiting the discretion of the Adult Authority in fixing the actual term of confinement. Penal Code section 3023 provides generally that the Adult Authority must fix a term within the maximum and minimum terms provided by the statutes governing imposition of sentence; section 3024 then specifies four exceptional circumstances under which the Adult Authority must fix terms greater than the maximum or less than the minimum term provided by the sentencing statute. This last point deserves reemphasis: the sole function of section 3024 is to compel the Adult Authority, under the circumstances there defined, to fix terms different from those authorized or required by the sentencing statutes. Thus when the Adult Authority follows the mandate of section 3024 it is not frustrating the legislative intent as embodied in the sentencing laws, but fulfilling the legislative intent as embodied in the Indeterminate Sentence Law.

The specific purpose of section 3024(d) is to place an upper limit on the total minimum term which persons convicted of more than one felony can suffer. By limiting the effect of the sentencing judge's exercise of the power to impose consecutive sentences under section 669, it provides the Adult Authority with greater flexibility in its consideration of the merits of the case of each individual prisoner in fixing terms and setting parole dates. This flexibility is an essential part of the Indeterminate Sentence Law.

As we noted in *In re Foss* (1974) 10 Cal.3d 910, 923-924 [112 Cal.Rptr. 649, 519 P.2d 1073], authorities on penology and criminal corrections have objected to mandatory minimum sentences precluding parole consideration because they prevent correctional authorities from taking into account, within a given classification of offenses, differences in the seriousness of the violations, adjustment of the offender and his potential

for rehabilitation. (See also *In re Minnis* (1972) 7 Cal.3d 639, 644 [102 Cal.Rptr. 749, 498 P.2d 997].) Lengthy periods of parole ineligibility which result from imposition of consecutive sentences also present a danger of excessive variation in the sentencing practices of individual judges; restriction on the cumulation of minimum terms provides a means for attainment of uniformity from region to region and judge to judge. (See Johnson, *Multiple Punishment and Consecutive Sentences: Reflections on the Neal Doctrine* (1970) 58 Cal.L.Rev. 357, 385.)

Although section 12022.5 explicitly sanctions long minimum and maximum terms for recidivist firearm users, it does not conflict with the purposes of section 3024(d). It says nothing whatsoever about the cumulation of minimum terms for persons, such as the instant defendant, who commit multiple felonies which are or could be tried together. It states that the additional period of imprisonment which it imposes "shall commence upon expiration or other termination of the sentence imposed *for the crime of which he is convicted* and shall not run concurrently *with such sentence,*" (italics added), but it is silent as to whether the additional term must be consecutive to the term for *other* crimes of which the defendant is convicted. In the instant case, the additional penalty for the use of a firearm would properly be consecutive to the five-year minimum sentences for each of the robberies. *Nothing in section 12022.5, however, required the resulting 10-year minimum terms for the three robberies to be made consecutive to each other.* The imposition of 3 concurrent 10-year-to-life terms is fully consistent with that section.[4]

Thus, the language and purpose of section 12022.5 offer no clue to the resolution of the issue before this court. The language and history of section 3024(d), however, is conclusive of the issue. Section 3024 expressly provides that its provisions must be observed "notwithstanding

---

[4]The majority appears to reason that defendant's additional minimum terms imposed by section 12022.5 must be cumulated separately from the minimum sentences imposed by section 213, and that section 3024(d) serves to place a 10-year upper limit only on the section 213 minima. The facts of the case before us, however, demonstrate that in practice the Department of Corrections has not adhered to the majority's strained interpretation of this section. Following defendant's second conviction (for the Dec. 17 robbery) he was given, as I have indicated, new minimum terms of 10 years which were imposed *concurrently* to the previous 10-year term imposed after his first conviction (for the Dec. 9 robbery). If section 12022.5 required that the terms for the use of firearms be cumulated separately, as the majority implies, this sentencing could not be condoned. The 5-year section 12022.5 minimum imposed for the December 17 robbery would have had to have been added to the previous 10-year minimum, resulting in a minimum of at least 15 years after the second conviction, instead of the 10-year minimum which defendant then had. The majority has made no attempt to explain this inconsistency.

any other provisions of this code." Since section 3024 specifies exceptions to the rule that the sentencing statutes define the maximum and minimum terms, the obvious purport of this language is to assure that the Adult Authority will apply section 3024 notwithstanding any contrary provisions in the sentencing laws. Penal Code section 12202.5 is among the "other provisions of this code" which, by express legislative declaration, is subordinate to section 3024.

The majority, however, notes that section 12022.5 does not define crimes or offenses, but merely increases the penalty to be imposed for the underlying felony. From this observation it concludes that such increased term is not subject to the limitations of section 3024. The conclusion does not follow from the premise. Section 3024 does not distinguish between underlying felonies and additional terms; it speaks generally of terms of "sentence and imprisonment." Additional confinement pursuant to section 12022.5 is plainly a term of imprisonment, imposed by the sentence of the trial court, and thus falls within the language of section 3024.[5]

The conclusion that section 3024(d) applies to additional terms of imprisonment imposed under section 12022.5, so clearly compelled by the language of those statutes, is reinforced by their legislative history and by the placement of section 3024(d) in the Penal Code. The exact

[5]The majority opinion points to the anomaly which might result if section 3024(d) were applied to limit the minimum term of a hypothetical defendant who had been sentenced to a minimum term of more than 10 years for a single crime through the operation of section 12022.5. A defendant who had served a term for one robbery involving firearm use, for example, and had then committed another such robbery, would be subject to minimum terms of 15 years (5 years for the robbery plus 10 years consecutive for firearm use) under section 12022.5 for the second robbery alone. If he were tried for another felony—for example, rape—along with the second robbery, it would clearly create an anomaly to interpret section 3024(d) as imposing a 10-year ceiling on his minimum term. Section 3024(d) cannot operate to result in a lesser minimum term for multiple felonies than could be received for a single felony. In the hypothetical case described, section 3024(d) would prevent the Adult Authority from cumulating the terms for the robbery and rape, but it would not reduce the minimum term below 15 years.

The anomaly described above could arise, however, not only in connection with section 12022.5 and the related section 12022, but in connection with any statute which imposes a minimum sentence greater than 10 years for a single crime. Examples of such statutes are Penal Code sections 213, 264, and 461 (15-year minimum sentences if great bodily injury is inflicted in the course of robbery, rape, and burglary); Health and Safety Code section 11350 et seq. (15-year minimum sentences for certain drug offenses with prior felonies), and Penal Code section 3047 et seq. (minimum imprisonment for habitual criminals). A hypothetical inconsistency between these statutes and section 3024(d) in certain unusual cases does not of course mean that section 3024(d) cannot be applied in cases in which its application is consistent with the statutory scheme.

language of section 3024(d), originally enacted in 1933 as an amendment to the Indeterminate Sentence Law (§ 1168) (Stats. 1933, ch. 814, § 1, p. 2156) was obviously designed to reduce the deleterious effect on that law which could have resulted from an earlier amendment (Stats. 1927, ch. 768, § 1, p. 1491) imposing mandatory minimum terms for armed felons and felons with prior felonies. That earlier amendment, now contained in section 3024(a), (b) and (c), provided in 1933 for a mandatory minimum term of 10 years for an armed felon with a prior felony. By imposing the 10-year ceiling of minimum terms for persons convicted of more than one felony, the Legislature clearly manifested its concern that the cumulation of minima for multiple felons would have frustrated the purpose of the Indeterminate Sentence Law by tying the hands of the correctional authorities for exceedingly long periods of time. Section 3024(d) was originally and still is a restriction on cumulation of the minimum terms imposed by section 3024(a), (b), and (c), and indeed it is so labelled in the modern code.

Similarly, section 3024(d) restricts the cumulation of minimum terms for persons who have committed more than one violation covered by sections 12022 and 12022.5. These sections perform a deterrent function as to use of firearms commensurate to that of section 3024(a), (b), and (c). At the time of the enactment of the predecessor of section 3024(d), the progenitor of sections 12022 and 12022.5 had been in force for 10 years, having originally been incorporated in 1923 as an amendment to the Deadly Weapons Act (Stats. 1923, ch. 339, § 3, p. 696). The minimum penalty provisions of that act coincided with those of modern sections 12022 and 12022.5, and provided, exactly in the language of the modern sections, that the additional penalties were to be imposed consecutively to the sentences for the underlying felonies. Presumably the Legislature was aware of the Deadly Weapons Act when it adopted the predecessor of section 3024(d); the Legislature could hardly have intended to apply the 10-year upper limit to one set of mandatory minimum terms (now contained in § 3024(a), (b) and (c)), but not to another very similar set.[6]

The court's holding today is more than an erroneous reading of two penal statutes. It casts shadows more far reaching than the majority realizes. If section 3024(d) is interpreted so as to be inapplicable to

---

[6]*People* v. *Williams* (1974) 42 Cal.App.3d 547 [116 Cal.Rptr. 894], a two-page opinion, recently held, after we granted a hearing in the present case, that "[t]he additional time imposed under section 12022.5 is not to be included in computing the minimum term under section 3024, subdivision (d)." That decision is clearly incorrect and should be disapproved.

additional terms of imprisonment imposed under section 12022.5, the statutory language notwithstanding, then there seems to be no reason why other "specific" statutes which impose heavy additional penalties for a single offense, such as Health and Safety Code section 11350 et seq. and Penal Code sections 213, 264 and 461 could not likewise be judicially expanded to allow unbridled cumulation of minimum terms for persons convicted of more than one such offense. Such a result would go far toward writing section 3024(d) off the books, and would strike a heavy blow to the Indeterminate Sentence Law. Despite the Legislature's express intention, many persons convicted of more than one such felony could be incarcerated for decades without the possibility of release or parole, whatever merits the Adult Authority might find in their cases.

Accordingly, I would order the Department of Corrections and Adult Authority to modify their records to reflect that defendant's aggregate minimum term for the 3 convictions of first-degree robbery with use of firearms is 10 years. In all other respects, I believe the judgment should be affirmed.

Wright, C. J., and Mosk, J., concurred.

Appellant's petition for a rehearing was denied June 9, 1976. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.