[Crim. No. 8811. Fourth Dist., Div. One. Apr. 19, 1978.]

In re ALBERT F. SECADA on Habeas Corpus.

## COUNSEL

Appellate Defenders, Inc., under appointment by the Court of Appeal, and J. Perry Langford for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom and M. Howard Wayne, Deputy Attorneys General, for Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Albert F. Secada petitions this court for a writ of habeas corpus to relieve him from what he contends is an erroneous computation of his minimum parole eligibility date.

Secada was convicted of four narcotic offense counts: Counts (1) selling marijuana (Health & Saf. Code, § 11360); (2) selling controlled substances (Health & Saf. Code, § 11352); (3) possessing controlled substances for sale (Health & Saf. Code, § 11351); and (4) possessing marijuana (Health & Saf. Code, § 11357). Count 1 was ordered to run consecutively to count 2. Counts 3 and 4 were ordered to run concurrently with each other but consecutively to count 2.

On appeal Secada successfully contended his sentence to three consecutive terms violated the provisions of Penal Code section 3024, subdivision (d), which reads:[1]

"The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence:

". . . . . . . . . . . . . . . . . . .

"(d) For a person convicted at one trial of more than one felony, and upon whom are imposed cumulative or consecutive sentences the aggregate of the minimum terms of which exceed 10 years, 10 years; . . ."

This court ordered Secada's sentence amended to add: "The entire sentence hereby imposed shall carry a minimum term of 10 years pursuant to Penal Code section 3024(d)." In all other respects Secada's judgment was affirmed (*People* v. *Rufino and Secada* (April 29, 1975) 4 Crim. 6676, not certified for publication).

It is thus law of the case (as well as correct law) that Secada's term is for a minimum of 10 years under Penal Code section 3024, subdivision (d).

Penal Code section 3049 provides: "In all other cases not heretofore provided for, no prisoner *sentenced prior to July 1, 1977* may be paroled until he has served the minimum term of imprisonment provided by law for the offense of which he was convicted, . . . provided, that any prisoner, received on or after January 1, 1948, at any state prison or institution under the jurisdiction of the Director of Corrections, whose minimum term of imprisonment is more than one year, may be paroled at any time after the expiration of one-third of the minimum term. In all other cases he may be paroled at any time after he has served the minimum term prescribed by law."

If Penal Code sections 3024, subdivision (d), and 3049 apply to Secada's parole eligibility, he should be eligible after 40 months of his term, i.e., $\frac{1}{3} \times 120$ months (*People* v. *White,* 16 Cal.3d 791, 796, fn. 3 [129 Cal.Rptr. 769, 549 P.2d 537]).

---

[1]While Penal Code section 3024, subdivision (d), was repealed to make way for the Determinate Sentence Law, we here deal with it in the present tense because of its present impact on Secada's imprisonment (see Cal. Admin. Code, tit. 15, § 2145).

The People contend, however, the offenses for which Secada was convicted carried minimum periods of parole ineligibility wholly apart from the provisions of section 3049. At the time of Secada's conviction Health and Safety Code sections 11360 and 11352 each carried a punishment of five years to life and a three-year period of ineligibility for parole. Section 11351 was punishable by five to fifteen years with a parole ineligibility of two and a half years. These periods of parole ineligibility were all for first offenses.

The Adult Authority first computed Secada's minimum term by adding the three consecutive mandatory minimums under the Health and Safety Code, i.e., $3 + 3 + 2\frac{1}{2} = 8\frac{1}{2}$. This court's direction the sentence be amended to comply with Penal Code section 3024, subdivision (d), to provide a maximum minimum of ten years apparently was misconstrued by the Adult Authority as a directive only the two five-to-life sentences were to run consecutively. The Adult Authority thus reduced Secada's period of parole ineligibility to six years, apparently running consecutively only the two three-year periods of parole ineligibility applicable to the two five-to-life sentences.

Whatever the basis of the Adult Authority's computation, the question before us is the validity of imposing the three-year parole ineligibility periods for narcotic offenses consecutively to make Secada ineligible for parole for a period of six years.

The narcotics offense minimum parole eligibility provisions have had rather checkered careers. We start with *In re Foss* (1974) 10 Cal.3d 910 [112 Cal.Rptr. 649, 519 P.2d 1073] involving the recidivist provisions in Health and Safety Code section 11352 (furnishing controlled substances) which designated a 10-year-to-life sentence and a 10-year ineligibility for parole to a second narcotic offender. *Foss* held the 10-year minimum term was constitutional but held the 10-year ineligibility for parole constituted both cruel and unusual punishment within the meaning of article I section 17 of the California Constitution. The court expressed no opinion as to the validity of the three-year ineligibility for parole for first offenders (*In re Foss, supra,* 10 Cal.3d 910, 917 fn. 3, 929).

*In re Adams* (1975) 14 Cal.3d 629, 637 [122 Cal.Rptr. 73, 536 P.2d 473] held the imposition of consecutive mandatory minimum sentences prescribed for initial drug offenders was constitutionally permissible. The court was dealing with consecutive sentences for narcotics convictions and the contention was that preclusion from parole for six years

was cruel and unusual punishment under the holding of *Foss*. The court did not mention or discuss the effect Penal Code sections 3024, subdivision (d), and 3049 would have on Adams' parole eligibility.

Notwithstanding the rather clear holding of *Adams* the court in *In re Grant* (1976) 18 Cal.3d 1, 11 fn. 9 [132 Cal.Rptr. 430, 553 P.2d 590] noted in the lead (as opposed to majority) opinion: "The period of parole ineligibility challenged in *Adams* did not arise from one of the Health and Safety Code provisions but rather resulted under the general statute establishing parole eligibility (Pen. Code, § 3049), from the imposition of consecutive sentences by the *Adams* trial court."

In the period of time between *Adams* and *Grant, People* v. *Vargas* (1975) 53 Cal.App.3d 516 [126 Cal.Rptr. 88] was decided, holding the three-year parole ineligibility provision of former Health and Safety Code section 11912 (now § 11379) for first offenders was unconstitutional. Neither party petitioned for a Supreme Court hearing in *Vargas*. Nor did the court in *Vargas* mention *Adams,* which had the effect of imposing consecutive three-year parole ineligibility terms, one of which terms was under the same statute involved in *Vargas*. The lead opinion in *Grant* characterizes *Vargas* as holding the statute to be unconstitutional as applied to Vargas (*In re Grant, supra,* 18 Cal.3d 1, 7, fn. 5).

The statutes providing the three-year parole ineligibility for Secada which have been consecutively imposed in this case have been repealed. However, *In re Moreno,* 58 Cal.App.3d 740 [130 Cal.Rptr. 78] holds one such repealer to be applied prospectively only. That opinion does not deal with the constitutionality of the three-year parole ineligibility provision involved in *Moreno* (Health & Saf. Code, § 11352).

Our odyssey ends with the decision in *In re Williams* (1977) 69 Cal.App.3d 840 [138 Cal.Rptr. 384] which held the recidivist provision of Health and Safety Code section 11350 which imposes a five-year parole ineligibility for those who are convicted of possessing a controlled substance with a prior narcotics conviction to be unconstitutionally cruel and unusual. The lead opinion in *Grant* sought to reach this result, but failed for lack of a fourth signature.

With what guidance can be garnered from the above cases, we address the specific question involved in this habeas corpus petition: is it permissible to impose consecutive parole ineligibility terms upon a first offender which results in a longer parole ineligibility than would be

allowable for a maximum minimum term of 10 years under Penal Code section 3024, subdivision (d), when parole eligibility is computed under Penal Code section 3049 (one-third of the minimum term)?

If the three-year minimum terms themselves were unconstitutional under the rationale and holding of *People* v. *Vargas, supra,* 53 Cal.App.3d 516 we would need go no farther. *Vargas,* however, is a rather tenuous base when one considers the earlier holding of *In re Adams, supra,* 14 Cal.3d 629. *Adams,* moreover, offers little more comfort since, despite the dictum in the *Grant* footnote, *Adams* made no reference to sections 3024, subdivision (d), or 3049.

Under the People's theory of this case it is conceivable a narcotics offender could serve his minimum term and not yet be eligible for parole. This would happen if a defendant without prior convictions were to be convicted and sentenced consecutively on four narcotics counts, each with three-year parole ineligibility terms. While the maximum minimum term under section 3024, subdivision (d), would be 10 years, he would be ineligible for parole for 12 years. Moreover, this 12-year parole ineligibility exceeds by 8 years and 8 months that which would be applicable to one convicted in one trial and consecutively sentenced for 4 counts of second degree murder. This is so because under the People's theory the murderer would be entitled to the maximum minimum term of 10 years under Penal Code section 3024, subdivision (d) and to a computation of parole eligibility under section 3049 resulting in parole eligibility after 40 months. The narcotics offender would have no such limitation on consecutive sentencing as it would relate to parole eligibility.

It should also be noted that a first time offender who is convicted of more than one narcotic count carrying a three-year parole ineligibility would suffer a longer period of parole ineligibility than would a recidivist, i.e., one convicted of one such count but with a qualifying prior narcotic conviction. This would be so even where the recidivist provision in the statute provided for a 10-year period of parole ineligibility, now that such terms have been declared unconstitutional (*In re Foss, supra,* 10 Cal.3d 910).

■ Because of these disparities, we hold the imposition of consecutive parole ineligibility terms is unconstitutional under article I, section 17 of the California Constitution insofar as the cumulative parole ineligibility

period exceeds that which would be allowable for consecutive sentences under Penal Code sections 3024, subdivision (d), and 3049.

The Director of the Department of Corrections is directed to instruct the Community Release Board to recompute Secada's term in accordance with the views expressed in this opinion and California Administrative Code, title 15, section 2145. The order to show cause is discharged and the writ is denied.

Cologne, J., and Staniforth, J., concurred.